**In re BILL HEARD CHEVROLET, LTD., Relator.**

**No. 01–06–00324–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Nov. 30, 2006.

Wesson H. Tribble, Michael R. Ross, Tribble, Ross & Wagner, Houston, TX, for Relator.

Donna Patrice Willia Dorsey, Eddie M. Krenek, Krenek Law Offices, Houston, Tricia T. Connally, Krenek Law Offices, Katy, TX, for Real Party In Interest.

Panel consists of Justices TAFT, KEYES, and HANKS.

## OPINION

TIM TAFT, Justice.

Relator, Bill Heard Chevrolet, Ltd., has filed a petition for writ of mandamus complaining of Judge Elliot's [1] December 16, 2005 and February 3, 2006 orders, denying

---

1. The Honorable Brady G. Elliot, judge of the 268th District Court of Fort Bend County, Texas. The underlying lawsuit is *John Todd & Suzanne Todd v. Bill Heard Chevrolet, Ltd.,* trial court cause no. 05–CV–144176.

relator's motion to compel arbitration and motion for reconsideration of that ruling. We deny the petition for writ of mandamus.

## Background

John Todd and Suzanne Todd ("the Todds"), who are the real parties in interest, filed suit against relator, Bill Heard Chevrolet, Ltd., for violations under the Texas Deceptive Trade Practices–Consumer Protection Act ("DTPA"),[2] fraud, and breach of contract. Relator filed a motion to compel arbitration, which the trial court apparently denied, and a motion for reconsideration of its motion to compel arbitration. The trial court denied relator's motion for reconsideration, and relator filed a petition for writ of mandamus challenging that denial,[3] asking this Court to order the trial court to withdraw its orders denying the motion to compel arbitration and denying reconsideration of that ruling.

Relator contends that the trial court denied its motion to compel arbitration because (1) the arbitration agreement was without consideration and (2) the "Retail Installment Contract" did not reference the agreement. The Todds do not dispute either that they signed the arbitration agreement as part of the process by which they purchased their vehicle, or that the Federal Arbitration Act ("FAA") applies, but, rather, they oppose arbitrating any claims because relator's alleged, repeated judicial admission that their transaction was a purchase in effect eliminated the issue in controversy.

This Court has concluded in the sister interlocutory appeal to this mandamus,

*Bill Heard Chevrolet v. John Todd & Suzanne Todd,* 01–06–00183–CV, that the FAA applies both because the parties agreed to arbitrate under the FAA in the arbitration agreement and because the transaction involved interstate commerce. Accordingly, mandamus is appropriate to review the trial court's order denying arbitration. *See In re Valero Energy Corp.,* 968 S.W.2d 916, 917 (Tex.1998).

## Standard of Review

■ Mandamus is an extraordinary remedy, which will issue only to correct a clear abuse of discretion or a violation of a duty imposed by law when there is no adequate remedy by appeal. *In re Ford Motor Co.,* 165 S.W.3d 315, 317 (Tex.2005) (orig. proceeding) (citing *In re Prudential Ins. Co.,* 148 S.W.3d 124, 135–36 (Tex. 2004)); *Walker v. Packer,* 827 S.W.2d 833, 839 (Tex.1992) (orig. proceeding); *Johnson v. Fourth Court of Appeals,* 700 S.W.2d 916, 917 (Tex.1985) (orig. proceeding); *In re Taylor,* 113 S.W.3d 385, 389 (Tex.App.-Houston [1st Dist.] 2003, orig. proceeding).

## Mandamus Record

The mandamus record is insufficient for us to grant relief because it does not include either the trial court's written order denying relator's motion to compel arbitration or the reporter's record of the trial court's oral order denying relator's motion to compel arbitration. Moreover, considering that there is an indication that evidence was presented in hearings concerning the motion to compel arbitration, absent the reporter's records of those

---

2. TEX. BUS. & COM.CODE ANN. §§ 17.41–854 (Vernon 2002 & Supp.2005).

3. Appellant also filed an interlocutory appeal, cause number 01–06–00183–CV, 2006 WL 3438571 asking this Court to order the trial court to withdraw its orders denying the motion to compel arbitration. We have considered cause numbers 01–06–00183–CV, 2006 WL 3438571 and 01–06–00324–CV, 2006 WL 3438586, 209 S.W.3d 311 together, but issue a separate memorandum opinion in each cause.

hearings, we must presume that the evidence before the trial court was adequate to support its denial of relator's motion to compel arbitration.

### 1. The Law

■ An appellate court may issue a writ of mandamus to correct a trial court for an abuse of discretion only if, after searching the record, it is clear that the trial court's decision was arbitrary and unreasonable. *Walker*, 827 S.W.2d 833, at 840. Hence, the party that complains of abuse of discretion has the burden to bring forth a sufficient record to show such abuse. *See id.* at 837 (holding that relator has burden of providing record establishing his right to mandamus relief); *see also* TEX.R.APP. P. 52.3(j)(1)(A) (requiring that appendix contain copy of any complained-of order); TEX.R.APP. P. 52.7(a)(1) (requiring that relator file with mandamus petition copy of every document material to his claim for relief).

The record in a mandamus proceeding must contain a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding and a properly authenticated transcript of any relevant testimony from any underlying proceeding, including any exhibits offered in evidence, or a statement that no testimony was adduced in connection with the matter of which complaint is made. TEX.R.APP. P. 52.7(a).

Rule 52.3(j)(1)(A) of the Rules of Appellate Procedure provides that the petition must contain, within its appendix, a certified or sworn copy of any complained-of order or any other document showing the complained-of matter. TEX.R.APP. P. 52.3(j)(1)(A). If the complained-of order is an oral order, the portion of the reporter's record that contains the order must be included in the petition's appendix. *In re Vernor*, 94 S.W.3d 201, 206 n. 8 (Tex.App.-Austin, 2002, orig. proceeding) (citing *In re Perritt*, 973 S.W.2d 776, 779 (Tex.App.-Texarkana 1998, orig. proceeding)).

■ Since 1923, Texas courts have consistently enforced the following general rule: all orders must be entered of record to be effective. *Ex parte Rains*, 113 Tex. 428, 433, 257 S.W. 217, 220 (1923). Entries made in a judge's docket are not accepted as a substitute for that record. *Hamilton v. Empire Gas & Fuel Co.*, 134 Tex. 377, 384, 110 S.W.2d 561, 566 (1937). The order must be reduced to writing, signed by the trial court, and entered in the record. *Utils. Pipeline Co. v. Am. Petrofina Mktg.*, 760 S.W.2d 719, 723 (Tex. App.-Dallas 1988, no writ); *see* TEX.R. CIV. P. 306a(2).[4]

■ One exception to the general rule exists. An order pronounced in open court is considered "rendered" when it is officially announced, and it is valid from that time forward, so that formal entry is only a ministerial act.[5] *Dunn v. Dunn*, 439 S.W.2d 830, 832 (Tex.1969); *UMC, Inc. v. Arthur Bros., Inc.*, 626 S.W.2d 819, 820

---

**4.** Rule 306a(2) of the Texas Rules of Civil Procedure provides, "Judges, attorneys and clerks are directed to use their best efforts to cause all judgments, decisions and orders of any kind to be reduced to writing and signed by the trial judge with the date of signing stated therein." TEX.R. CIV. P. 306a(2).

**5.** A judgment routinely goes through three stages: rendition, reduction to writing and

judicial signing, and entry. A judgment is "rendered" when the trial court's decision upon the matter submitted to it for resolution is officially announced either orally in open court or by memorandum filed with the clerk. *Comet Aluminum Co. v. Dibrell*, 450 S.W.2d 56, 58 (Tex.1970); *Knox v. Long*, 152 Tex. 291, 296, 257 S.W.2d 289, 292 (1953).

(Tex.App.-Corpus Christi 1981), writ ref'd n.r.e., 647 S.W.2d 244 (Tex.1982). Therefore, to be effective, all orders and rulings must be made on the record either in writing or in open court transcribed by the court reporter. *See* Tex.R.App. P. 33.1(a)(2).

■■■■ A docket-sheet entry ordinarily forms no part of the record that may be considered; rather, it is a memorandum made for the trial court and clerk's convenience. *Energo Int'l Corp. v. Modern Indus. Heating, Inc.*, 722 S.W.2d 149, 151 (Tex.App.-Dallas 1986, no writ); *Azopardi v. Hollebeke*, 428 S.W.2d 167, 168 (Tex.Civ. App.-Waco 1968, no writ); *Restelle v. Williford*, 364 S.W.2d 444, 445 (Tex.Civ.App.- Beaumont 1963, writ ref'd n.r.e.). A docket-sheet entry cannot contradict or take the place of a written order or judgment. *See, e.g., Smith v. McCorkle*, 895 S.W.2d 692, 692 (Tex.1995); *Faulkner v. Culver*, 851 S.W.2d 187, 188 (Tex.1993) (holding that docket entry granting new trial was not substitute for signed order); *In re Estate of Townes*, 934 S.W.2d 806, 807–08 (Tex.App.-Houston [1st Dist.] 1996, orig. proceeding) (holding that trial court's oral granting of relator's motion for new trial, initialed docket sheet entry stating "MNT granted," and signed order setting case for trial, did not constitute "written order" granting new trial).

■■■■ Docket-sheet entries are inherently unreliable because they lack the formality of orders and judgments. *First Nat'l Bank of Giddings, Tex. v. Birnbaum*, 826 S.W.2d 189, 191 (Tex.App.-Austin 1992, no writ) (citing *Energo*, 722 S.W.2d at 151 n. 2) (holding that docket entry denying turnover relief was not order). Perhaps due to this unreliability, a docket-sheet entry is generally considered insufficient to constitute a judgment or decree of the court. *See Formby's KOA v. BHP Water Supply Corp.*, 730 S.W.2d 428, 430 (Tex.

App.-Dallas 1987, no writ); *Loper v. Hosier*, 148 S.W.2d 889, 891 (Tex.Civ.App.-Dallas 1941, writ dism'd judgm't cor.). This rule is especially important if the docket-sheet entry is unsigned. *See W.C. Banks, Inc. v. Team, Inc.*, 783 S.W.2d 783, 785 (Tex.App.-Houston [1st Dist.] 1990, no writ) (holding that unsigned docket-sheet entry reciting that judgment was rendered for one party held insufficient to constitute rendition of judgment).

Nevertheless, docket-sheet entries have, along with other evidence and under limited circumstances, supplied proof that the trial court orally rendered judgment on a certain date. *See, e.g., Henry v. Cullum Co., Inc.*, 891 S.W.2d 789, 793 (Tex.App.- Amarillo 1995, writ denied) (determining that trial court rendered judgment on particular date when (1) trial court orally announced that it was granting partial summary judgment, even though there was no reporter's record showing trial court's comments at conclusion of hearing; (2) agreed motion for severance of claims acknowledged oral rendition of partial summary judgment at close of hearing; and (3) docket-sheet notation initialed by trial judge evidenced court's action).

■■■■ The trial court's notation on the docket sheet can sometimes be used to support the contention that judgment was orally rendered on a certain date. *See* Tex. Fam.Code Ann. § 101.026; *Dearing v. Johnson*, 947 S.W.2d 641, 643 (Tex.App.- Texarkana 1997, no writ) (holding that judge's affidavit that he orally rendered judgment and docket sheet notation "divorce granted" amounted to rendition of judgment); *Oak Creek Homes Inc. v. Jones*, 758 S.W.2d 288, 290–91 (Tex.App.- Waco 1988, no writ) (holding that judge's announcement that "I'll grant all the relief you've asked for" and docket notation of "default judgment," followed by judge's signature, amounted to rendition). We

conclude, however, that the initialed docket-sheet entry here was insufficient to constitute a decree of the trial court.

## 2. Analysis

 Here, relator provided verified copies of (1) the Todds' original petition, (2) the arbitration agreement signed by the Todds, (3) relator's motion to compel, (4) the trial court's docketing statement, (5) the motion for reconsideration of relator's motion to compel, and (6) the signed trial-court order denying relator's motion for reconsideration on its motion to compel arbitration. Relator did not provide (1) a signed, written order denying arbitration or a reporter's record of the oral order; (2) a reporter's record of the December 16 hearing held by the trial court on relator's motion to compel arbitration; or (3) a reporter's record of the February 3 hearing held by the trial court on relator's motion for reconsideration on its motion to compel arbitration. Other than the arbitration agreement, no documents related to relator's sale of the vehicle to the Todds were attached to the petition for writ of mandamus, nor were any such documents included in the clerk's record in the related appeal, No. 01–06–00183–CV, 2006 WL 3438571.

The mandamus record does not provide a written order or reporter's record reflecting an oral ruling in open court. The mandamus record includes the trial court's initialed docket sheet notation, stating, "Took up [Defendant's] motions to compel arbitration and abate proceedings. Denied." The record also includes an order denying relator's motion for reconsideration; however, that order does not state the trial court's ruling on the motion to compel.[6] The mandamus record is insufficient because it does not include either the trial court's written order denying relator's motion to compel arbitration or the reporter's record of the trial court's oral order denying relator's motion to compel arbitration. *See* Tex.R.App. P. 52.3(j)(1)(A); *see also In re Vernor,* 94 S.W.3d at 206 n. 8 (citing *In re Perritt,* 973 S.W.2d at 779).

Moreover, relator's verified record indicates that evidence contesting the validity of the arbitration agreement was introduced at the hearings. Specifically, relator's motion for reconsideration recited, "[The trial court] ruled that the arbitration agreement entered into between [the Todds] and [relator] was without consideration. The [trial court] also opined that the Retail Installment Contract lacked a reference to the Arbitration Agreement entered into between the parties." The "Retail Installment Contract" is not part of the record before us; nor was it attached to relator's motion to compel arbitration or motion for reconsideration.

Given relator's recitation that the trial court considered evidence that is not in the record and is not before us, the failure of relator to present transcripts of the hearings creates a presumption that evidence was presented during the hearings and that that evidence supported an implied finding by the trial court that a valid arbitration agreement did not exist. *See Michiana Easy Livin' Country, Inc. v. Holten,* 168 S.W.3d 777, 781–84 (Tex.2005) (stating that if proceeding's nature, trial court's order, party's briefs, or other indications show that evidentiary hearing, at which evidence other than that attached to motion under consideration was considered, took place in open court, then complaining party must present record of that hearing to establish harmful error). *Compare In*

---

6. The real party in interest did not file a response to relator's petition. However, in a related interlocutory appeal, the real party in interest filed a brief acknowledging the trial court's denial of relator's motion for arbitration.

*re Palm Harbor Homes, Inc.,* 195 S.W.3d 672, 675–76 (Tex.2006) (orig. proceeding) (rejecting claim that appellate court must presume evidence that supported trial court's order was presented at pretrial hearing, when real party in interest conceded that evidence was not presented at that hearing).

Relator's own statements here and below indicate that evidence other than that attached to its motions was presented to the trial court at the December 16 and February 3 hearings. Absent the reporter's records from those hearings, we must presume that the evidence before the trial court was adequate to support its denial of relator's motion to compel arbitration in favor of the Todds. *See Bryant v. United Shortline Inc. Assurance Serv., N.A.,* 972 S.W.2d 26, 31 (Tex.1998); *Sandoval v. Comm'n for Lawyer Discipline,* 25 S.W.3d 720, 722 (Tex.App.-Houston [14th Dist.] 2000, pet. denied).

### Conclusion

We deny the petition for writ of mandamus. *See* Tex.R.App. P. 52.8(a).

Justice KEYES, concurring.

EVELYN V. KEYES, Justice, concurring.

I join the panel opinion. I write separately to point out that this case illustrates the inequity and enormous waste of judicial and legal resources that have followed on the supreme court's determination in *Jack B. Anglin Co., Inc. v. Tipps,* 842 S.W.2d 266 (Tex.1992), that a state court order granting or denying a motion to compel arbitration under the Federal Arbitration Act (FAA) must be reviewed by mandamus and not by interlocutory appeal. *Id.* at 272. The court reasoned that although the FAA itself provides for interlocutory review of orders on motions to compel arbitration, Texas state court pro-

cedure, not federal procedure, governs in state court and Texas law does not provide for interlocutory appeal of an order under the FAA, only for interlocutory appeal of an order under the Texas Arbitration Act (TAA). *Id.* at 271–72. Thus, if a motion to compel arbitration under the FAA is heard in state court, only mandamus is available to protest the trial court's order, even though if the *same* case were brought under the FAA in federal court, interlocutory appeal would be available, and if the *same* case were brought under the TAA, interlocutory appeal would be available.

As the supreme court acknowledged in *Jack B. Anglin,* litigants who allege entitlement to arbitration under the FAA, or in the alternative under the TAA, "are burdened with the need to pursue parallel proceedings—an interlocutory appeal of the trial court's denial under the Texas Act, and a writ of mandamus from the denial under the Federal Act." *Id.* Although the court opined, "[W]e can conceive of no benefit from such an unnecessarily expensive and cumbersome rule," it concluded, that it could "not enlarge appellate jurisdiction absent legislative mandate." *Id.* Therefore, it urged the Legislature "to consider amending the Texas Act to permit interlocutory appeals of orders issued pursuant to the Federal Act." *Id.* It urged in vain.

To date, 1182 cases have cited to *Jack B. Anglin.* Many of these cases have involved situations where the applicability of the FAA was uncertain. In these cases, not only must litigants go to the expense of two sets of filings, and reviewing courts go through a two-fold process of review just to determine the fundamental nature of their jurisdiction, but there are hidden risks in requiring the filing of a mandamus in FAA cases, which this case illustrates. Specifically, the mandamus record may be incomplete because, as here, no signed or-

der or evidence to resolve the mandamus is included with the petition, whereas an interlocutory appeal could simply be decided on the law.

Moreover, unlike review of an appeal, the court of appeals is not required to issue a written opinion explaining its denial of mandamus relief. *Compare* TEX.R.APP. P. 52.8(d) ("When denying relief [in an original proceeding], the court may hand down an opinion but is not required to do so."), *with* TEX.R.APP. P. 47.1 (requiring written opinion "that addresses every issue raised and necessary to final disposition of the appeal"). Thus, not only may the reviewing court in a mandamus proceeding fail to reach the merits of the trial court's order compelling or denying arbitration under the FAA, it is not even required to tell the litigants that their mandamus failed for want of a complete record, or perhaps because the petition was not verified, rather than for want of a meritorious argument—thus inviting repetition of the error.

Like the supreme court writing 14 years ago in *Jack B. Anglin,* I "can conceive of no benefit from such an unnecessarily expensive and cumbersome rule," but I recognize that the courts "may not enlarge appellate jurisdiction absent legislative mandate." 842 S.W.2d at 273. Therefore, I second the supreme court's request that the Legislature amend the TAA to permit interlocutory appeals of orders issued pursuant to the FAA.