

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-09-00086-CV

_____

IN RE:
GLADEWATER HEALTHCARE CENTER, IN ITS
ASSUMED OR COMMON NAME, ET AL.

Original Mandamus Proceeding

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

Relators are several corporate entities and individuals formerly involved in the operation of nursing homes and defendants in long-pending healthcare liability actions.[1] Relators have filed in this Court a petition for writ of mandamus relating to the Honorable Lauren Parish's appointment of a special master to preside in discovery and other pretrial matters filed in these two cases. Relators ask this Court to direct the trial court to vacate its order appointing the special master because the case does not qualify as a case in which such appointment is permitted. *See* TEX. R. CIV. P. 171.

## I. RELEVANT PROCEDURAL HISTORY

On April 22, 2009, the trial court appointed Richard Davis as a special master "to handle the discovery disputes and other matters, including all pretrial matters." At that time, no objection was made regarding the appointment. On May 8, 2009, the parties appeared without objection before the special master at a hearing on several pretrial motions. On May 15, 2009, the special master made

---

[1]The underlying cases are docketed under trial court cause number 545-03 styled *David Richardson, Individually, as the Representative for All Wrongful Death Beneficiaries, and as an Heir at Law and the Representative of the Estate of John Richardson, Deceased v. Gladewater Healthcare Center, in its Assumed or Common Name; Nexion Health at Gladewater, Inc.; Nexion Health, Inc.; Nexion Health Management, Inc.; Nexion Health at Texas, Inc.; Nexion Health Leasing Inc.; Nexion Health Realty, Inc.; Darlene Maloney, Individually; Bruce Henshaw, Individually; and Donna Albright, Individually* and under trial court cause number 606-03 styled *Bobby Green, as Temporary Administrator of the Estate of Bonnie Burcalow, Deceased v. Upshur Manor Nursing Home, Upshur County, Texas in Its Assumed or Common Name Nexion Health at Gilmer, Inc.; Nexion Health, Inc.; Nexion Health Management, Inc.; Nexion Health at Texas, Inc.; Nexion Health Leasing, Inc.; Nexion Health Realty, Inc.; Doyle Ross, Individually; Denise Honnoll, Individually; and Thyri Hawkins, Individually*.

several recommendations regarding pretrial matters adverse to Relators' positions.[2] Of those several recommendations, the master directed that Relators make certain high-ranking corporate officers available for deposition. It is from this adverse ruling on the apex deposition issue that Relators previously and unsuccessfully sought mandamus relief from this Court.[3]

On June 2, 2009, Relators filed with the trial court their objections to the appointment of the special master in both causes. After a hearing on those motions, the trial court overruled Relators' objections.

---

[2]Along with its order overruling Relators' motions to quash depositions of the corporate officers, the special master signed an order overruling Relator's objections to Real Parties in Interest's request to take judicial notice of an agreed order between Relator Darlene Maloney and the Texas Board of Nurse Examiners, an order overruling Relators' objections to Real Parties in Interest's request to take judicial notice of specific codified rules of agencies and specific public statutes for 2002, an order overruling Relators' objections to Real Parties in Interest's notice letter pursuant to TEX. R. CIV. P. 193.7, an order overruling objections and privileges to requests for production, and order granting Real Parties in Interest's motion for sanctions relating to defense counsel's violation of HIPAA. In this final order, the master found that defense counsel "improperly" contacted and "collud[ed] with" a doctor of one of the deceased plaintiffs, communicating ex parte with the doctor. As a result, the master prohibited defense counsel from contacting any of the Real Parties in Interest's healthcare providers without notice and opportunity to move for a protective order, struck the affidavit of Dr. Kenneth L. Skipper, and ordered production of a list of healthcare providers that were contacted in such manner.

[3]*See In re Gladewater*, No. 06-09-00058-CV, 2009 Tex. App. LEXIS 5365 (Tex. App.—Texarkana July 14, 2009, orig. proceeding).

## II.    APPLICABLE LAW

### A.    Availability of Mandamus

Mandamus relief is available to correct a trial court's clear abuse of discretion or violation of a ministerial duty when there is no adequate remedy at law. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding). A clear failure of the trial court to analyze or apply the law correctly will constitute an abuse of discretion and may result in issuance of a writ of mandamus. *See In re Tenet Hosp., Ltd.*, 116 S.W.3d 821, 825 (Tex. App.—El Paso 2003, orig. proceeding).

### B.    Appointment of Special Master and Objection to Appointment

Rule 171 governs the appointment of masters in chancery:

> The court may, in exceptional cases, for good cause appoint a master in chancery, who shall be a citizen of this State, and not an attorney for either party to the action, nor related to either party, who shall perform all of the duties required of him by the court, and shall be under orders of the court, and have such power as the master of chancery has in a court of equity.

TEX. R. CIV. P. 171.

Rule 171 does not specify a time by which a party must object to the appointment of a master. *Owens-Corning Fiberglas Corp. v. Caldwell*, 830 S.W.2d 622, 624 (Tex. App.—Houston [1st Dist.] 1991, orig. proceeding). Courts have concluded that a party objecting to a special master's appointment must make an objection not within some arbitrary time period but before it has taken part in proceedings before the master or before the parties, the master, and the court have acted in reliance on the master's appointment. *Id.* at 625; *Zwick v. Zwick*, No. 2-08-182-CV, 2009 Tex. App.

4

LEXIS 3949 (Tex. App.—Fort Worth June 4, 2009, no pet.) (mem. op.). That is, a party's objection to the master's appointment is timely if filed before the party participates in proceedings before the master. *See Caldwell*, 830 S.W.2d at 625.

## III. DISCUSSION

### A. Preliminary Matter: No Written Order Overruling Objections

Relators concede that there are no written orders overruling the objections to the special master's appointment. They maintain, however, that the issue is properly before this Court. We agree. "[I]t seems clear that if a court's ruling is adequately shown by the reporter's record, then a formal written order is now unnecessary." *In re Perritt*, 973 S.W.2d 776, 779–80 (Tex. App.—Texarkana 1998, orig. proceeding), *mand. granted on other grounds*, 992 S.W.2d 444 (Tex. 1999) (orig. proceeding); *see* TEX. R. APP. P. 52.3(k)(1)(A) (requiring that an appendix to a petition seeking mandamus relief include "a certified or sworn copy of any order complained of, *or any other document showing the matter complained of*") (emphasis added). Sister courts have similarly held. *See In re Bill Heard Chevrolet, Ltd.*, 209 S.W.3d 311, 314 (Tex. App.—Houston [1st Dist.] 2006, orig. proceeding); *In re Vernor*, 94 S.W.3d 201, 206 n.8 (Tex. App.—Austin 2002, orig. proceeding); *In re Bledsoe*, 41 S.W.3d 807, 811 (Tex. App.—Fort Worth 2001, orig. proceeding).

The record before us indicates that the trial court had before it proposed orders available after its oral ruling and that it has not, to date, signed one of those proposed orders.[4] At the July 7 hearing, however, the trial court clearly overruled Relators' objections:

> I'm going to deny it as to these two cases only and the other – as far as the rest I'll leave that open for right now, okay, but I'm going to deny it on these two cases that are specially set. And will be – I'll hopefully receive an order very soon, and therefore, any appellate, you know, measures that you-all feel you can take you can take with expediency and we can get these cases moved.

We have before us the reporter's record of that hearing. Therefore, we conclude that the reporter's record of the July 7 hearing and the trial court's apparent refusal to sign a written order in this case are "sufficient to place before us the complaints made the basis of relators' petition for writ of mandamus." *See Perritt*, 973 S.W.2d at 779–80.

### B.    Challenging the Appointment

Having concluded that the issue is before us, we move on to the substance of that issue. Relators contend that the trial court failed to make the required findings that these causes were "exceptional cases" and that "good cause" existed for the appointment of the special master. *See Simpson v. Canales*, 806 S.W.2d 802 (Tex. 1991).

---

[4]An order pronounced in open court is considered "rendered" when it is officially announced, and it is valid from that time forward, so that formal entry is only a ministerial act. *Dunn v. Dunn*, 439 S.W.2d 830, 832 (Tex. 1969); *Bill Heard Chevrolet, Ltd.*, 209 S.W.3d at 314. Therefore, to be effective, all orders and rulings must be made on the record either in writing or in open court transcribed by the court reporter. *See* TEX. R. APP. P. 33.1(a)(2); *Bill Heard Chevrolet, Ltd.*, 209 S.W.3d at 315. We note that Relators have not requested that this Court compel the trial court to sign a written order. The real parties in interest do not contend in their response that the absence of a written order precludes our review of the issue presented.

Due to the procedural history of the underlying cases, however, we need not reach the merits of the Rule 171 contention. The record indicates that Relators have appeared before the special master without objection. Most notably, we look at Relators' participation in the pretrial hearing on May 8, 2009. The hearing addressed several pretrial matters, and at no time during that hearing did Relators object to the appointment of the special master.[5] We also note that Relators corresponded with the special master and filed with the special master a number of motions.[6] In *Caldwell*, although the objections were lodged several months after the trial court signed its order appointing the master, the objections were lodged before the objecting party's participation in matters before the master. 830 S.W.2d at 626. So, though we note that Relators objected approximately five weeks after the appointment of the master, it is the level of participation here on which we concentrate. By fairly extensive participation in proceeding before the special master, Relators have waived their objection to the appointment of the master.

---

[5]It is because of the significant participation in matters placed before the special master that we need not address the real parties in interest's contention that Relators consented to the appointment of a special master. In their response, the real parties in interest refer to a conference call with the trial court and opposing counsel during which all parties agreed to the appointment. We expressly avoid addressing the consent issue as it relates to the time period before the appointment.

[6]The record indicates that the parties participated in a conference call with the special master on April 28 to discuss scheduling matters. Further, it appears that Relators filed several motions with the special master, including a supplemental motion for summary judgment, motion for continuance, and a motion to strike. Relators also submitted to the special master their proposed order following the May 8 hearing.

## IV.    CONCLUSION

Relators have not shown that the trial court clearly abused its discretion by overruling objections to the appointment of a special master when Relators have waived such objections by appearing before the special master.  Relators have, therefore, failed to establish that they are entitled to mandamus relief.  For this reason, we deny the petition.  Having done so, we deny as moot Relators' motion for temporary relief.

Jack Carter
Justice

Date Submitted:    October 26, 2009
Date Decided:      October 27, 2009