**Opinion issued July 9, 2013**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-13-00540-CV

————————————

## IN RE CHRISTOPHER DUPUY, Relator

---

### Original Proceeding on Petition for Writ of Mandamus

---

## MEMORANDUM OPINION[1]

Relator, Christopher Dupuy, filed a pro se petition for writ of mandamus and request for emergency relief, complaining that Respondent, the Honorable Ben Hardin, presiding judge of the 306th District Court of Galveston County, abused

---

[1] The underling proceeding is *In the Interest of B.T.D. and C.M.D.*, No. 12FD1807, in the 306th District Court of Galveston County, the Honorable Ben Hardin presiding.

his discretion when he issued temporary orders in Relator's ex-wife Adrienne Viterna's suit to modify the parent-child relationship. According to Relator: (1) Respondent abused his discretion in rendering a temporary order that had the effect of changing the designation of the person with the exclusive right to designate the primary residence of the children, (2) Respondent abused his discretion in rendering the temporary order because there is no evidence, or alternatively, the evidence is insufficient to prove that the present circumstances of the children would significantly impair their physical health or emotional development, and (3) Respondent abused his discretion in admitting testimony and exhibits that pre-date the date of the prior orders.

Relator's petition does not comply with the Texas Rules of Appellate Procedure. Although Relator provided us with an appendix, the appendix does not include Viterna's most recent petition to modify or her application for temporary orders, and it only includes brief excerpts from the 8-day hearing on the application for temporary orders. *See* TEX. R. APP. P. 52.3(k) (requiring that appendix include certified or sworn copy of any document showing matter complained of); TEX. R. APP. P. 52.7 (requiring relator to file mandamus record containing all documents material to claim for relief); *see generally In re Bill Heard Chevrolet, Ltd.*, 209 S.W.3d 311 (Tex. App.—Houston [1st Dist.] 2006, orig. proceeding) (discussing sufficiency of mandamus records). Based on the

2

record provided, we cannot determine the basis for Viterna's application for temporary orders or what evidence the trial court actually considered before it granted the temporary orders.

Relator also failed to certify that he has reviewed the petition and concluded that "every factual statement in the petition is supported by competent evidence included in the appendix or record." TEX. R. APP. P. 52.3(j).

Accordingly, the petition for writ of mandamus is **denied**. Relator's request for emergency relief is **dismissed as moot**.

**PER CURIAM**

Panel consists of chief Justice Radack and Justices Sharp and Massengale.