**Petition for Writ of Mandamus Denied and Memorandum Opinion filed May 22, 2014.**



In The

# Fourteenth Court of Appeals

NO. 14-13-01001-CR
NO. 14-13-01002-CR
NO. 14-13-01003-CR

**IN RE TODD W. ALTSCHUL, Relator**

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**23rd District Court**
**Brazoria County, Texas**
**Trial Court Cause Nos. 23557, 26672, 26673**

## MEMORANDUM OPINION

On October 23, 2013, relator Todd W. Altschul filed a notice of appeal challenging an order of the Honorable Ben Hardin, presiding judge of the 23rd District Court of Brazoria County, denying relator's motion for judgment nunc pro tunc. Relator subsequently filed with this Court a motion to construe his notice of appeal as a petition for writ of mandamus. *See* Tex. Gov't Code § 22.221; *see also*

Tex. R. App. P. 52. This Court granted relator's motion on April 15, 2014. In his petition, relator asks this Court to compel the trial court to vacate identical orders in each of the three underlying criminal cases in which the trial court denied relator's motion for judgment nunc pro tunc to receive appeal time credit on his sentences. We deny relator's petition.

## BACKGROUND

On or about May 21, 1992, relator was convicted in trial court cause no. 23557 of possession of a deadly weapon in a penal institution and sentenced to 15 years imprisonment. On or about July 28, 1994, relator was convicted in trial court cause no. 26672 of aggravated assault, and was convicted in trial court cause no. 26673 of possession of a deadly weapon in a penal institution. Relator was sentenced to 20 years imprisonment for these subsequent offenses, with the sentence to run consecutive to his earlier sentence.

Relator claims that he was in the Brazoria County Jail from September 10, 1992, when the trial court apparently issued a bench warrant, through June 17, 1997, when relator was transferred to the custody of the Texas Department of Criminal Justice ("TDCJ"). Relator claims that during the entirety of this period he was awaiting disposition of his appeal in cause no. 23557, and that he likewise was awaiting disposition of his appeals in cause nos. 26672 and 26673 from the date of his sentencing in those cases (July 28, 1994) through the end of the period (June 17, 1997). Relator claims both processing errors by the trial court and failings of his counsel led to his notices of appeal in the three underlying cases not being filed with this Court until May 1997.

2

On May 22, 2013, relator filed a motion with the trial court for judgment nunc pro tunc, claiming he has not received appeal time credit in his respective cases for the time he was in the Brazoria County Jail from September 10, 1992 through June 17, 1997 in accordance with article 42.03, section 3 of the Texas Code of Criminal Procedure. On October 9, 2013, the trial court signed an order denying relator's motion in cause no. 23557. The trial court subsequently signed on February 6, 2014 identical orders denying relator's motion in cause nos. 26672 and 26673.

## THE MANDAMUS STANDARD

To be entitled to mandamus relief with respect to a criminal law matter, relator must show that he has no adequate remedy at law to redress his alleged harm, and that what he seeks to compel is a ministerial act. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). "If there is any discretion or judicial determination attendant to the act, it is not ministerial in nature. Nor is a ministerial act implicated if the trial court must weigh conflicting claims or collateral matters which require legal resolution." *State ex rel. Hill v. Court of Appeals for the Fifth Dist.*, 34 S.W.3d 924, 927 (Tex. Crim. App. 2001) (orig. proceeding) (quoting *State ex rel. Curry v. Gray*, 726 S.W.2d 125, 128 (Tex. Crim. App. 1987) (orig. proceeding) (op. on reh'g)). "The relief sought must be 'clear and indisputable' such that its merits are 'beyond dispute.'" *Hill*, 34 S.W.3d at 927–28 (quoting *State ex rel. Wade v. Mays*, 689 S.W.2d 893, 899 (Tex. Crim. App. 1985) (orig. proceeding)). It is relator's burden to provide this Court with a sufficient record to establish the right to mandamus relief. *See Young*, 236 S.W.3d at 210; *see also*

*Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding); Tex. R. App. P. 52.3(k), 52.7(a).

ANALYSIS

Relator fails to satisfy his burden to demonstrate entitlement to mandamus relief.[1] Although the documents included in the record provide some indication that relator was housed in the Brazoria County Jail from September 10, 1992 through June 17, 1997, the record does not show the trial court failed to perform a ministerial duty in denying relator's motion for judgment nunc pro tunc.

First, nothing in record shows that relator has been denied any credit for time served. To the contrary, the TDCJ records provided by relator reflect "flat time" credit for the entire period of time relator claims to have been in the Brazoria County jail from 1992 to 1997.

Second, even if there were some discrepancy in the computation of relator's jail time, relator has not established that he is eligible for appeal time credit for the period in question. The plain language of the statute is limited to circumstances

---

[1] Relator has not filed in this proceeding a copy of the trial court's February 6, 2014 orders denying relator's motion for judgment nunc pro tunc in cause nos. 26672 and 26673. It is an essential prerequisite for a relator seeking mandamus relief from a trial court order to include in the appendix to the mandamus petition either the signed order of the court or a copy of the reporter's record indicating the court's rendition. *See In re Bill Heard Chevrolet, Ltd.*, 209 S.W.3d 311, 316 (Tex. App.—Houston [1st Dist.] 2006, orig. proceeding); *see also* Tex. R. App. P. 52.3(k)(1)(A) (providing that a relator must include "a certified or sworn copy of any order complained of, or any other document showing the matter complained of."). Although relator's omission of the trial court's orders would be a sufficient basis to deny the mandamus petition as it pertains to cause nos. 26672 and 26673, the orders in question were filed with this Court in an earlier mandamus proceeding filed by relator. Thus, we elect to take judicial notice of the record in the earlier mandamus proceeding, and therefore will reach the merits of relator's petition in this proceeding.

where a defendant "appeals his conviction . . . and is retained in jail . . . pending his appeal." Tex. Code Crim. Proc. art. 42.03, § 3. But relator admits problems occurred regarding his attempted appeals, and that the appeals were not even filed until May 1997. Relator does not provide any direct documentation pertaining to his appeals or the events surrounding the appeals, or citations to applicable legal precedent, that demonstrate relator is entitled to appeal time credit under article 42.03, section 3 given his particular circumstances during the time he appears to have been in the Brazoria County Jail.

"A motion for judgment *nunc pro tunc* or a writ of mandamus to the appellate court if such a motion is denied will provide a remedy only if the right to . . . jail-time credit is absolutely indisputable . . . ." *In re Brown*, 343 S.W.3d 803, 804 (Tex. Crim. App. 2011) (per curiam) (orig. proceeding); *see also Hill*, 34 S.W.3d at 927–28 ("The relief sought must be clear and indisputable such that its merits are beyond dispute.") (internal quotations omitted). Relator's right to jail time credit is not indisputable. Thus, relator has not shown that the trial court failed to perform a ministerial duty, and, consequently, relator is not entitled to mandamus relief.

**CONCLUSION**

Relator has failed to satisfy his burden to demonstrate entitlement to mandamus relief. Accordingly, we deny relator's petition for writ of mandamus.


PER CURIAM


Panel consists of Justices Boyce, Busby, and Wise.
Do Not Publish — Tex. R. App. P. 47.2(b).