**Petition for Writ of Mandamus Denied and Memorandum Opinion filed October 21, 2014.**



In The

# Fourteenth Court of Appeals

## NO. 14-14-00637-CV

## IN RE SARAH BOOTH, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**240th District Court**
**Fort Bend County, Texas**
**Trial Court Cause No. 10-DC-186164**

---

## MEMORANDUM OPINION

On August 7, 2014, relator Sarah Booth filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221 (West 2004); *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable Thomas R. Culver, III, presiding judge of the 240th District Court of Fort Bend County, to set aside his July 17, 2014 order granting real party in interest's motion to compel discovery.

The underlying facts are not disputed. On August 2, 2010, Booth was a passenger in the vehicle her husband, Sean Michael McGuire, was driving when he struck and killed David Stidman, who was on a motorcycle. McGuire was convicted of murder and failure to stop and render aid and sentenced to eighteen years' and five years' incarceration, respectively.

The procedural facts are not disputed. In December 2010, David's father, Dwayne Stidman, sued McGuire. In April 2012, Stidman added Booth as a Defendant. On June 11, 2014, Stidman filed Plaintiff's Amended Motion to Compel Sarah Booth's Response to Plaintiff's Discovery Requests seeking tax returns, and additional net worth data. Booth responded that Stidman was not entitled to the information sought because (a) Stidman was not entitled to punitive damages; (b) the requests were overbroad; and (c) "Booth has already provided Plaintiff with complete documentation of her net worth and Plaintiff has no evidence that the documentation provided by Sarah Booth is inaccurate." The associate judge heard the motion and ordered the production, including tax returns.

Booth appealed pursuant to Section 54A.111 of the Texas Government Code and sought a *de novo* hearing before the trial court below. *See* Tex. Gov't Code Ann. § 54A.111 (West 2013). The trial court ordered Booth to update and verify the list of her assets and liabilities, and disclose information about any trust in which she was a beneficiary or had an interest or received distributions from July 17, 2013 to July 17, 2014; however, the district court vacated the order to produce tax returns. Booth seeks relief from the district court order.[1]

---

[1] Booth urges mandamus upon the trial court's oral pronouncement of the relief granted. *See In re Liberty Mut. Fire Ins. Co.*, No. 14-09-00876-CV, 2010 WL 1655492, at *3 n.2 (Tex. App.—Houston [14th Dist.] Apr. 27, 2010, orig. proceeding) (mem. op.); *In re Bill Heard Chevrolet, Ltd.*, 209 S.W.3d 311, 314 (Tex. App.—Houston [1st Dist.] 2006, orig. proceeding); *In re Vernor*, 94 S.W.3d 201, 206 n.8 (Tex. App.—Austin 2002, orig. proceeding). We note,

Booth raises two issues in support of her argument that the trial court abused its discretion in compelling the discovery at issue: (1) there is no cause of action that will support an award of punitive damages in this case; and (2) the appellate courts should revisit the issue of whether a plaintiff must make a prima facie showing of entitlement to punitive damages before obtaining net-worth information.

To be entitled to mandamus relief, a relator must demonstrate (1) the trial court clearly abused its discretion; and (2) the relator has no adequate remedy by appeal. *In re Reece*, 341 S.W.3d 360, 364 (Tex. 2011) (orig. proceeding). The party resisting discovery bears the heavy burden of establishing an abuse of discretion and an inadequate remedy by appeal. *In re CSX Corp.*, 124 S.W.3d 149, 151 (Tex. 2003) (orig. proceeding) (per curiam).

Moreover, regarding our review of discovery mandamus, we have held that:

- "A discovery mandamus cannot be used to obtain an advance adjudication of the merits." *In re Citizens Supporting Metro Solutions, Inc.*, No. 14-07-00190-CV, 2007 WL 4277850, at *3 (Tex. App.—Houston [14th Dist.] Oct. 18, 2007, orig. proceeding) (mem. op.).

- "The scope of discovery is measured by the live pleadings regarding the pending claims." *Id.*

- As an intermediate court, we are bound to follow the 25-year old Texas Supreme Court precedent, *Lunsford v. Morris*, rejecting a *prima facie* showing before pretrial discovery on punitive damages. *See In re Jacobs*, 300 S.W.3d 35, 40 (Tex. App.—Houston [14th Dist.] 2009, orig. proceeding [mand. dism'd]) (citing *Lunsford v. Morris*, 746 S.W.2d 471, 473 (Tex. 1988) (orig. proceeding), *overruled on other*

---

however, that the trial court signed a publicly-available order on this matter on August 13, 2014, granting relief substantially as recited in the July 17, 2014 hearing.

*grounds*, *Walker v. Packer*, 827 S.W.2d 833, 842 (Tex. 1992) orig. proceeding)).

The mandamus record establishes that (a) Stidman's live pleading[2] includes allegations against Booth individually for, *inter alia*, negligence, negligent entrustment, gross negligence; and fraudulent transfers or conveyances of assets; (b) Booth's live pleading asserts as an affirmative defense Chapter 41 of the Civil Practice and Remedies Code's limitations on liability and damages;[3] and (c) the trial court did not adjudicate any of Stidman's claims or Booth's defenses prior to ordering the subject discovery.

On this record, we conclude that Booth has not established that the trial court clearly abused its discretion in compelling the specific discovery or that she is entitled to mandamus relief. Accordingly, we deny her petition for a writ of mandamus.

PER CURIAM

Panel Consists of Justices McCally, Brown, and Wise.

---

[2] The mandamus record suggests that Stidman's fifth amended petition, filed June 16, 2014, is the live pleading at the time of the *de novo* hearing before the district court. Booth supplemented the mandamus record with Stidman's seventh amended petition filed September 13, 2014; however, we do not consider this pleading for purposes of evaluating whether the trial court abused its discretion in ordering discovery on July 17, 2014 or August 13, 2014.

[3] *See* Tex. Civ. Prac. & Rem. Code Ann. § 41.005(a) (West 2008).

4