**Petition for Writ of Mandamus Denied and Memorandum Opinion filed April 27, 2021.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-21-00201-CR

---

## IN RE ROBERT SOLIZ, JR., Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**179th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1697655**

---

## MEMORANDUM OPINION

On April 16, 2021, relator Robert Soliz, Jr. filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable Ana Maria Martinez, presiding judge of the 179th District Court of Harris County, to perform her ministerial duty to order the State to produce a law enforcement officer's disciplinary file to relator.

To show entitlement to mandamus relief, a party must among other things demonstrate that the respondent trial judge has taken action constituting an abuse of discretion. There must be an order denying a motion or request for relief. *See, e.g.*, *In re Whitney*, 2013 WL 6157121 *1 (Tex. App.—Houston [14th Dist.] Nov. 21, 2013, orig. proceeding) (mem. op.) (per curiam) (denying mandamus relief when trial court had "made no order."); *In re Bill Heard Chevrolet, Ltd.*, 209 S.W.3d 311, 316 (Tex. App.—Houston [1st Dist.] 2006, orig. proceeding). Absent an order denying relief, there exists no adverse trial court action subject to mandamus review.

In the present case, the record presented shows that respondent has not yet ruled on relator's requested relief in the trial court. According to the reporter's record, the trial court may in fact grant the relief relator requests. The court ordered the State to provide the material at issue for in-camera review, and the court stated at the hearing that it would perform an in-camera inspection and then "make the determination as to whether or not the defense will see those records." Thus, respondent has not yet issued an adverse order subject to mandamus review.

Accordingly, we deny relator's petition for writ of mandamus without prejudice. *See* Tex. R. App. P. 52.8(a); *In re Cook*, 597 S.W.3d 589, 603 (Tex. App.—Houston [14th Dist.] 2020, orig. proceeding) (denying mandamus relief without prejudice when trial court had not yet ruled against relator).

PER CURIAM

Panel consists of Justices Jewell, Bourilot, and Hassan.
Do Not Publish — Tex. R. App. P. 47.2(b).