

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-20-00377-CV

———————————————

JOHN ARTUSO, Appellant

V.

TOWN OF TROPHY CLUB, TEXAS, Appellee

On Appeal from the 393rd District Court
Denton County, Texas
Trial Court No. 19-6232-393

Before Sudderth, C.J.; Kerr and Womack, JJ.
Memorandum Opinion by Chief Justice Sudderth

**MEMORANDUM OPINION**

In 2019, Appellant John Artuso sued Appellee Town of Trophy Club for negligence and gross negligence with regard to his home's placement in the Town's Public Improvement District No. 1 (PID). The trial court granted the Town's plea to the jurisdiction on those claims but allowed Artuso to amend his pleadings to replead causes of action "under Article 1, Section 17 and/or Article 1, Section 19 of the Texas Constitution." Artuso did so, filing his fourth amended petition for declaratory relief in March 2020.

In his fourth amended petition, Artuso alleged that he had purchased his home in 2013 and that the creation of the PID and issuance of the PID bond had occurred in 2007. Artuso stated that he had made his PID special assessment payments annually and that on March 8, 2019, he had submitted a petition to the Town to reduce his property assessment and to ask for a credit for previously over-assessed amounts, which he characterized as a taking. He claimed that the manner in which the Town apportioned the PID costs was arbitrary and capricious, amounting to a violation of his due process rights, and he complained that the Town had not responded to his assessment-reduction petition. He sued for a taking under Article 1, Section 17 of the Texas Constitution and for a violation of his due process rights under Article 1, Section 19 of the Texas Constitution. He also alleged that the discovery rule applied to suspend limitations on those claims until 2018. Artuso then filed a motion for summary judgment in which he argued that the Town's own

2

documents showed that the amount of special assessments exceeded the special benefits under the PID.

Trophy Club filed a second plea to the jurisdiction "and alternatively, cross-motion for summary judgment,"[1] seeking dismissal of Artuso's remaining claims. In its motion, Trophy Club asserted that Artuso had been on actual notice of the PID and assessment in 2013 when he purchased his home, that Artuso had no standing for his takings and due process claims, and that limitations had run on his claims. Trophy Club also argued that Artuso's takings claim failed as a matter of law because the special assessment was not a physical invasion (no physical taking) or a land-use regulation that deprived him of all economically viable use of his land, with the amount of special benefit conferred on the property by the PID equal to or greater than the assessment (no regulatory taking). And Trophy Club argued that Artuso's due process claim failed as a matter of law because the Town's council followed all of the procedures in Local Government Code Chapter 372 when creating the PID, which was requested by the then-existing property owners, and Artuso's claim attempted to challenge a wholly uncontestable municipal bond under Local Government Code Chapter 372.

---

[1]Trophy Club stated, "Should the court consider dismissal under a motion for summary judgment more appropriate, the Town presents the Court with this Cross-Motion for Summary Judgment. We reassert and fully incorporate here all facts, arguments, analysis, and evidence presented above in the Plea to the Jurisdiction."

3

At the conclusion of the motion hearing, the trial court granted Trophy Club's motion and dismissed Artuso's claims with prejudice. Although the trial court stated its reasons for granting the motion on the record,[2] the trial court's order does not set forth any reasons.

Artuso now appeals, arguing that the trial court erred by granting the Town's motion on the basis of limitations, lack of standing, and statutory estoppel. Trophy Club responds that the trial court's summary judgment must be affirmed because, among other things, Artuso has failed to challenge each ground upon which the trial court could have granted summary judgment.

When a trial court's order granting summary judgment does not specify the ground or grounds relied on for its ruling, we will affirm the summary judgment if any of the theories presented to the trial court and preserved for appellate review are meritorious. *Provident Life & Accident Ins. v. Knott*, 128 S.W.3d 211, 216 (Tex. 2003); *Star-Telegram, Inc. v. Doe*, 915 S.W.2d 471, 473 (Tex. 1995). Further, when the trial

---

[2]The trial court stated, "I'm denying your motion for summary judgment and granting the City's, and I'm granting the City's on the statute of limitations and the statutory estoppel ground under [Section] 372.028(c)." The trial court elaborated,

> [N]ormally, if you just deny -- they tell you to do this in judge school, just grant and deny and then every reason . . . they asserted has to be challenged on appeal. I don't think that's fair. I've given you the -- basically the two grounds that I ruled and on why I ruled the way I have.

The trial court's docket entry likewise states "Believe Plaintiff's claims barred by limitations and 372.028(c). Found cases o[f] Yoakum County Water Control and Improvement District v. FSB and Beadles v. Lago Visa POA to be on point."

4

court's judgment rests on more than one independent ground or defense, the aggrieved party must assign error to each ground, or we will affirm the judgment on the uncomplained-of ground. *Scott v. Galusha*, 890 S.W.2d 945, 948 (Tex. App.—Fort Worth 1994, writ denied). That is, "[w]hen an argument is not made challenging every ground on which the summary judgment could be based, we are required to affirm the summary judgment, regardless of the merits of the unchallenged ground." *Rollins v. Denton Cty.*, No. 02-14-00312-CV, 2015 WL 7817357, at *2 (Tex. App.—Fort Worth Dec. 3, 2015, no pet.) (mem. op.).

In its motion, Trophy Club set out the following grounds: lack of standing; limitations; failure to establish a physical or regulatory taking; and failure to establish a due process claim. It interwove statutory estoppel under Local Government Code Section 372.028(c) into its standing and due process grounds.

In his opening brief, Artuso states,

> While the Trial Court did not expressly state that it made any ruling with respect to the matter of standing to bring suit, since both *Beadles* and *Yoakum* addressed that issue it will be addressed herein. Matters pertaining to the application of the discovery rule and the continuing nature of Trophy Club's violation of law will also be addressed since these matters are related to the limitations ruling.[3]

---

[3]In his reply brief, Artuso does not address the Town's argument that he failed to challenge the taking and due process grounds on appeal. Instead, he doubles down on his limitations and standing arguments and on his reliance on the trial judge's oral observations.

5

Artuso mentions his due process and takings claims in his statement of the case but generally not as part of his argument.

In the argument portion of his brief, after his analysis of *Beadles* and as part of his argument that a continuing violation of law prevented the application of limitations, Artuso complains that

> each successive annual review and approval of the service plan that approves the illegal assessment . . . and each assessment payment made by [him], constitutes a separate and distinct violation in a continuous string of violations of §372.015 of the PID Act, as well as a violation of Artuso's constitutional rights under Article 1, Sections 17 ("takings") and 19 ("due process") of the Texas Constitution.

He also complains that the Town's refusal to consider his reassessment petitions "constitutes yet another violation of [his] due process rights," and that the excess assessment by the Town constituted a taking, but in no place in his brief does he expressly challenge the trial court's summary judgment on the takings and due process grounds that were set out in the Town's motion.[4]

_____

[4]With regard to Artuso's due process claim, the Town argued in its motion that the claim failed as a matter of law because Artuso could not show a procedural due process violation—i.e., a liberty or property interest at stake and the process he was due (notice, opportunity to be heard)—or a substantive due process violation, i.e., deprivation of a constitutionally protected right by an arbitrary use of power or fraud, and it referenced its own evidence to the contrary. With regard to Artuso's takings claim, the Town argued in its motion that Artuso could not establish the elements of either a physical or regulatory taking, setting out the elements of each. To its motion, the Town attached 12 exhibits, including copies of relevant ordinances, council meeting minutes and memoranda, the April 13, 2007 owner petition requesting PID creation, the May 7, 2007 Development Agreement, an appraisal report, the landowner agreement, and the certification letter from the attorney general.

Artuso relies on the trial court's docket entry to support his argument that the trial court erred by granting the Town's motion based on limitations, standing, and statutory estoppel. But a docket entry ordinarily forms no part of the record that may be considered on appeal; rather, it is a memorandum made for the trial court and clerk's convenience. *Goins v. Discover Bank*, No. 02-20-00128-CV, 2021 WL 1136077, at *1 n.3 (Tex. App.—Fort Worth Mar. 25, 2021, no pet. h.) (mem. op. on reh'g) (citing *In re Bill Heard Chevrolet, Ltd.*, 209 S.W.3d 311, 315 (Tex. App.—Houston [1st Dist.] 2006, orig. proceeding)). As we noted in *Goins*, "Docket-sheet entries are inherently unreliable because they lack the formality of orders and judgments." *Id.* Accordingly, the trial court's docket entry did not spare Artuso the necessity of challenging each ground upon which summary judgment could have been granted. *See id.*

Likewise, although Artuso relies on the trial court's oral pronouncements, we may only look to the order granting summary judgment to determine the trial court's reasons for its rulings. *RayMax Mgmt., L.P. v. Am. Tower Corp.*, No. 02-15-00298-CV, 2016 WL 4248041, at *3 n.9 (Tex. App.—Fort Worth Aug. 11, 2016, pet. denied) (mem. op.); *see Shumway v. Whispering Hills of Comal Cty. Tex. Prop. Owners Ass'n,* No. 03-15-00513-CV, 2016 WL 4429939, at *2 (Tex. App.—Austin Aug. 16, 2016, pet. denied) (mem. op.) (explaining that because the trial court's written order controls over any oral pronouncements, the appellate court must proceed as though the trial court did not specify orally the grounds on which it ruled); *see also Miller v. El Campo*

7

*Holdings LLC*, No. 02-15-00388-CV, 2017 WL 370936, at \*4 (Tex. App.—Fort Worth Jan. 26, 2017, no pet.) (mem. op.) (noting that Texas courts have concluded that oral statements made by the trial court on the record at a summary judgment hearing do not govern the scope of grounds upon which the trial court could have granted summary judgment over an otherwise unlimited order).

As one of our sister courts has explained, we are constrained to look only to the order granting summary judgment to determine the trial court's reasons for ruling so that "litigants and appellate courts [have] a single place to look to determine why the trial court granted summary judgment." *Strather v. Dolgencorp of Tex., Inc.*, 96 S.W.3d 420, 426 (Tex. App.—Texarkana 2002, no pet.) (op. on reh'g). By applying this policy, the courts and parties are relieved of the obligation to "parse statements made in letters to the parties, at hearings on motions for summary judgment, on docket notations, and/or in other places in the record." *Id.*; *see also Gonzales v. Thorndale Coop. Gin & Grain Co.*, 578 S.W.3d 655, 658 (Tex. App.—Houston [14th Dist.] 2019, no pet.) (noting longstanding case law that only permits the appellate court to look to the trial court's formal summary judgment order to determine the trial court's grounds, if any, for its ruling and observing that if the appellant had wanted the order to specify the trial court's grounds, "then he was free to file a timely motion for reconsideration requesting the trial court expressly state in its judgment" the sole basis for its ruling).

Accordingly, because Artuso has failed to challenge all of the grounds upon which the Town's motion could have been granted, we affirm the trial court's judgment without reaching the merits.

/s/ Bonnie Sudderth
Bonnie Sudderth
Chief Justice

Delivered:  May 13, 2021