**DENIED and Opinion Filed November 18, 2022**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-22-01225-CV**

**IN RE SUNOCO RETAIL LLC AND DERRICK RAY LEWIS, Relators**

**Original Proceeding from the 68th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-20-18306**

## MEMORANDUM OPINION

Before Justices Myers, Nowell, and Goldstein
Opinion by Justice Myers

Before the Court is relators' November 15, 2022 Petition for Writ of Mandamus challenging the trial court's November 14, 2022 Order Granting Plaintiffs' Motion to Compel Settlement Amounts and Assess Costs Against Defendant Sunoco Retail, LLC. Also before the Court is relators' November 15, 2022 Emergency Motion for Temporary Relief Pursuant to Texas Rule of Appellate Procedure 52.10.

Entitlement to mandamus relief requires relators to show that the trial court clearly abused its discretion and that relators lack an adequate appellate remedy. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). It is relators' burden to provide a sufficient record to show they are

entitled to relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding). We conclude that relators failed to meet their burden.

Rule 52.7 requires relators to file with their petition a properly authenticated transcript of any relevant testimony, including exhibits offered in evidence, or a statement that no testimony was adduced in connection with the matter complained of. TEX. R. APP. P. 52.7(a)(2). The record reflects that a hearing took place on October 14, 2022, that appears relevant to relators' claim for relief. But relators neither provided a transcript of that hearing nor provided a statement that no testimony was adduced in connection with the matter complained of at that hearing. *See id.*

The record further reflects that a hearing took place on November 14, 2022, on real parties in interest's motion to compel. Relators did not provide a transcript of this hearing, and they did not state that a transcript has been requested and will be provided. Instead, relators include a statement in their petition that "[n]o testimony was presented and no exhibits were offered into evidence at the hearing."

We conclude that, on this record, relators' rule 52.7(a)(2) statement did not relieve relators of their obligation to provide a transcript of the November 14, 2022 hearing. *See In re Quintana*, No. 02-15-00305-CV, 2015 WL 6395639, at *2 (Tex. App.—Fort Worth Oct. 22, 2015, orig. proceeding) (mem. op.). In the order granting real parties in interest's motion to compel, the trial court stated that it had considered "the pleadings, ***evidence***, ***affidavits***, and argument of counsel." [Emphasis added.]

–2–

Thus, the trial court's order indicates that the November 14, 2022 hearing was evidentiary, *see Michiana Easy Livin' Country, Inc. v. Holten*, 168 S.W.3d 777, 783 (Tex. 2005), despite relators' statement to the contrary.

In cases in which a trial court has received evidence at the hearing giving rise to a mandamus challenge, as indicated by the trial court's order in this case, the party seeking mandamus has an obligation to provide a transcript of the hearing. *See* TEX. R. APP. P. 52.7(a)(2); *In re Lowery*, No. 05-14-01401-CV, 2014 WL 5862199, at *2 (Tex. App.—Dallas Nov. 13, 2014, orig. proceeding) (mem. op.). Because the trial court's order indicates that the November 14, 2022 hearing was evidentiary, we must presume that there was evidence to support the trial court's order in the absence of a transcript of that hearing. *See Lowery*, 2014 WL 5862199, at *1; *In re Bill Heard Chevrolet, Ltd.*, 209 S.W.3d 311, 316 (Tex. App.—Houston [1st Dist.] 2006, orig. proceeding).

Further, all factual statements in the petition must be supported by competent evidence included in the appendix or record. *See* TEX. R. APP. P. 52.3(j). Here, relators make factual statements about what transpired at the November 14, 2022, and they rely upon these statements when arguing the trial court abused its discretion. We cannot evaluate relators' argument without a record of the hearing. Operative facts going directly to the propriety of the trial court's action that relators rely upon to establish entitlement to mandamus relief should be revealed by the record. *See Quintana*, 2015 WL 6395639, at *2.

We cannot conclude that the trial court abused its discretion in the absence of a sufficient record upon which to do so. *See id.* at *2–3. Accordingly, we conclude that relators failed to demonstrate their entitlement to mandamus relief and deny the petition for writ of mandamus. *See* TEX. R. APP. P. 52.8(a). We also deny relators' emergency motion for temporary relief as moot.

/Lana Myers/
LANA MYERS
JUSTICE

221225F.P05