**Opinion issued March 17, 2015**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-14-00271-CV

———————————

**BILLY RAY BARNES, Appellant**

**V.**

**MARQUITA DEADRICK, Appellee**

---

**On Appeal from the 257th District Court**
**Harris County, Texas**
**Trial Court Case No. 2013-06126**

---

## O P I N I O N

Billy Ray Barnes appeals the trial court's denial of his petition for bill of review to set aside a default judgment rendered in a suit affecting the parent-child relationship. In one issue, Barnes asserts that the trial court abused its discretion

by denying his petition based on appellee Marquita Deadrick's affirmative defense of res judicata.

We reverse and remand.

## Background

Billy Ray Barnes is the father of M.B., a minor child born on February 8, 1997. Marquita Deadrick is M.B.'s half-sister. In 2007, Deadrick filed a suit affecting the parent-child relationship (SAPCR) with respect to M.B., following the death of M.B.'s mother.

On April 9, 2009, the trial court signed an order in the SAPCR proceeding. The order recited that Deadrick had appeared at trial with her attorney on March 23, 2009. The order stated that, although he had been "duly and properly cited, [Barnes] did not appear [at trial] and wholly made default."

The trial court appointed Deadrick as M.B.'s sole managing conservator and appointed Barnes as the child's possessory conservator. The order gave Deadrick "a superior right to the child at all times" and provided that Barnes would have supervised visitation with M.B. It also required Barnes to pay $514.55 in monthly child support to Deadrick.

Although not part of the appellate record, it is not in dispute that Barnes filed a bill of review with regard to the SAPCR order. In the bill of review proceeding, the trial court's associate judge made a docket sheet entry on September 10, 2010.

The associate judge noted that, although Deadrick had appeared with counsel on that date, neither Barnes nor his counsel had appeared. Following that notation, the associate judge wrote on the docket sheet, "Bill of Review denied." No written order was signed memorializing the docket sheet entry. Instead, on February 15, 2011, the presiding judge of the trial court signed an "Order for Dismissal for Want of Prosecution." The order stated, "All counsel of record in the above mentioned case were notified by this court that this matter was set for final trial on the merits on 2-14-11." The order indicated that "[n]either counsel appeared." The order concluded, "Accordingly, it is ordered that the above styled cause is dismissed for want of prosecution."

Barnes initiated a second bill-of-review proceeding on January 31, 2013, seeking to set aside the April 9, 2009 default order in the SAPCR proceeding. It is this second-filed bill-of-review action that is the subject of the instant appeal.

In his sworn bill-of-review petition, Barnes averred that he had been "prevented by [Deadrick] from asserting his parental rights to the child" in the 2009 SAPCR proceeding because he "was served via substitute service at an incorrect address and thus never received notice of the pending action." He claimed that his "failure to assert the claim was not a result of any negligence or fault of [his]." Barnes asserted that there was "no legal remedy now available to avoid the effect of the order." Barnes stated, "Despite the exercise of due

3

diligence, [he] did not discover [Deadrick's] fraud until more than thirty days after rendition of the judgment."

Deadrick answered the petition, asserting the affirmative defense of res judicata. Deadrick claimed as follows: (1) there was a "prior final judgment by the [trial] court" in Barnes's "previously filed bill of review"; (2) both Barnes and Deadrick were parties to the earlier filed bill-of-review proceeding; and (3) the second-filed petition for bill of review "is based on the claims that were raised or could have been raised in the first action."

The trial court conducted a hearing on December 2, 2013. At the hearing, the trial court first heard, and overruled, Deadrick's special exceptions to Barnes's bill-of-review petition. The trial court then immediately stated, without prompting from Deadrick's counsel, that it believed Deadrick's affirmative defense of res judicata "may have some merit." The court then initiated a dialogue with counsel regarding the defense.

In this discussion, Deadrick asserted that Barnes's first bill-of-review petition had been denied on September 10, 2010 by the trial court's associate judge. Deadrick's attorney stated that he and Deadrick had appeared at that September 10, 2010 hearing, but Barnes had not appeared at that hearing. Deadrick's counsel stated that the associate judge had denied Barnes's first bill-of-review petition "for failure to appear" at hearing. Deadrick's attorney informed the

4

trial court that the associate judge had noted her denial of the first bill-of-review petition on the docket sheet in that proceeding.

Deadrick's attorney offered a copy of the docket sheet from the first bill-of-review proceeding. The docket sheet contained a notation, initialed by the associate judge, stating that neither Barnes nor his counsel had appeared at the September 10, 2010 hearing and indicating that the first bill-of-review petition had been denied.

Barnes's attorney responded that she did not know what had happened at the September 10, 2010 hearing because she was not involved with the case at that time. She stated that, although she "did not know what to make of the bench notes [that is, the docket sheet]," she had learned that the first bill-of-review action had been dismissed for want of prosecution in a signed order by the presiding judge of the trial court in 2011.

At the end of the December 2, 2013 hearing in the instant action, the trial court agreed with Deadrick that the associate judge's 2010 denial of the first bill of review, as noted in the docket sheet, was res judicata of the second bill of review action. The court stated that the bill-of-review claim had been "ruled on more than three years ago. It was denied at that time, and res judicata applies." The trial court signed an order denying the second bill-of-review petition on January 9, 2014.

Barnes filed a motion for new trial, challenging the trial court's denial of his second bill-of-review petition. He pointed out that the associate judge's 2010 denial of first bill-of-review petition, as indicated in the docket sheet, had "never [been] reduced to a written" order. Rather, the only signed, final order from the first proceeding had been the February 2011 order signed by the presiding judge, dismissing the first proceeding for want of prosecution. In support of his motion for new trial, Barnes offered a copy of the February 15, 2011 order, which dismissed the first bill-of-review action for want of prosecution.

Deadrick responded to the motion. Among her assertions, Deadrick averred that Barnes's second bill-of-review petition had been appropriately denied based on the doctrine of res judicata. She offered the docket sheet from first bill-of-review proceeding, pointing out that, according to the associate judge's notation, Barnes's first bill-of-review petition had been denied on September 10, 2010.

Deadrick further asserted that it was procedurally improper for Barnes to challenge the trial court's denial with a motion for new trial. She claimed that Barnes's only post-judgment remedy was to file an appeal.

Deadrick also sought sanctions against Barnes. She asserted that Barnes's motion for new trial had been filed for "an improper purpose," including "to harass or to cause unnecessary delay or needless increase in cost of litigation."

Following a hearing, the trial court denied Barnes's motion for new trial. In its order, the trial court found "Barnes's claim is barred by res judicata" and his motion for new trial was "procedurally improper." The trial court also found that Barnes had filed the motion for new trial for "an improper purpose" and sanctioned him $2,700, representing Deadrick's "reasonable attorney's fees."

This appeal followed. In one issue, Barnes asserts that the trial court abused its discretion when it denied his second petition for bill of review based on Deadrick's affirmative defense of res judicata. Specifically, Barnes claims that the associate judge's notation on the docket sheet, indicating that she had denied Barnes' first bill-of-review petition on September 10, 2010, could not serve as a basis for res judicata when the presiding judge later signed an order dismissing the action for want of prosecution.

## Bill of Review

### A. Standard of Review

In reviewing the granting or denial of a bill of review, every presumption is indulged in favor of the court's ruling, which will not be disturbed unless it is affirmatively shown that there was an abuse of discretion. *Nguyen v. Intertex, Inc.*, 93 S.W.3d 288, 293 (Tex. App.—Houston [14th Dist.] 2002, no pet.). The trial court may be reversed for abusing its discretion only if it has acted in an

7

unreasonable or arbitrary manner or without reference to any guiding rules and principles. *Id.* at 293.

## B.    Res Judicata

The doctrine of res judicata applies to bill-of-review proceedings. *See Rizk v. Mayad*, 603 S.W.2d 773, 775 (Tex. 1980); *Holloway v. Starnes*, 840 S.W.2d 14, 19 (Tex. App.—Dallas 1992, writ denied); *see also Alexander v. Alexander*, No. 03–12–00688–CV, 2014 WL 2211355, at *2 (Tex. App.—Austin May 23, 2014, no pet.) (mem. op.) (applying res judicata to second bill of review in divorce proceeding). To establish res judicata, the defendant must demonstrate "(1) a prior final judgment on the merits by a court of competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a second action based on the same claims as were raised or could have been raised in the first action." *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 652 (Tex. 1996).

In this case, the inquiry is whether there was a "prior final judgment on the merits." Deadrick asserts that she established this element by showing that the associate judge denied Barnes's first bill-of-review petition on September 10, 2010, as indicated by a hand-written notation on the docket sheet.

A docket-sheet entry ordinarily forms no part of the record that may be considered; rather, it is a memorandum made for the trial court and clerk's convenience. *In re Bill Heard Chevrolet, Ltd.*, 209 S.W.3d 311, 315 (Tex. App.—

8

Houston [1st Dist.] 2006) (orig. proceeding). Docket-sheet entries are inherently unreliable because they lack the formality of orders and judgments. *Id.* (citing *First Nat'l Bank of Giddings, Tex. v. Birnbaum*, 826 S.W.2d 189, 191 (Tex. App.—Austin 1992, no writ)). Perhaps due to this unreliability, a docket-sheet entry is generally considered insufficient to constitute a judgment or decree of the court. *Id.* (citing *Formby's KOA v. BHP Water Supply Corp.*, 730 S.W.2d 428, 430 (Tex. App.—Dallas 1987, no writ)). Significant to this case, a docket-sheet entry cannot contradict, overrule, or take the place of a written order or judgment. *Kalyanaram v. Burck*, 225 S.W.3d 291, 303 (Tex. App.—El Paso 2006, no pet); *Bill Heard Chevrolet*, 209 S.W.3d at 315; *see also Garza v. Tex. Alcoholic Beverage Comm'n*, 89 S.W.3d 1, 7 (Tex. 2002).

Here, on February 15, 2011, the presiding judge signed a written order dismissing Barnes's first bill-of-review suit for want of prosecution. That ruling prevails over the docket-sheet notation made by the associate judge denying the bill of review petition. *See Kalyanaram*, 225 S.W.3d at 303; *Bill Heard Chevrolet*, 209 S.W.3d at 315; *see also Garza*, 89 S.W.3d at 7.

Although the presiding judge's order dismissing the action for want of prosecution does not state whether the suit was dismissed with or without prejudice, we presume that the dismissal was without prejudice. *See In re G.H.D.*, No. 01–05–00228–CV, 2005 WL 2671031, at *3 (Tex. App.—Houston [1st Dist.]

9

Oct. 20, 2005, no pet.) (mem. op.); *see also Christensen v. Chase Bank U.S.A., N.A.*, 304 S.W.3d 548, 554 (Tex. App.—Dallas 2009, pet. denied) (discussing general rule that dismissal for want of prosecution is without prejudice to refiling). A dismissal for want of prosecution without prejudice to its refiling is not an adjudication on the merits. *See Massey v. Columbus State Bank*, 35 S.W.3d 697, 700 (Tex. App.—Houston [1st Dist.] 2000, pet. denied); *In re Hughes*, 770 S.W.2d 635, 637 (Tex. App.—Houston [1st Dist.] 1989, no writ). Rather, it places the parties in the position they were in prior to filing the action "just as if the suit had never been brought." *Hughes*, 770 S.W.2d at 637. Thus, an order dismissing an action for want of prosecution without prejudice, such as the one in this case, does not serve as a final judgment on the merits for purposes of res judicata. *See Carter v. Charles*, 853 S.W.2d 667, 672 (Tex. App.—Houston [14th Dist.] 1993, no writ) (holding that dismissal of earlier action without prejudice was not res judicata as to later filed suit); *see also Christensen*, 304 S.W.3d at 554. Because Deadrick did not show that there was a final judgment on the merits with respect to Barnes's first bill-of-review action, the trial court had no discretion to deny the instant bill-of-review petition based on the affirmative defense of res judicata. [1]

---

[1] It is also unclear whether the associate judge's verbal denial of the first bill-of-review petition was "on the merits." The docket sheet entry indicates that neither Barnes nor his counsel appeared at the September 10, 2010 hearing. Following the notation of non-appearance, the docket sheet entry indicates that the petition was denied. From its placement, there appears to be a correlation between the

10

## C.    Alternate Theory to Affirm

Deadrick intimates that, even if the trial court did not properly deny Barnes's petition based on the doctrine of res judicata, denial was nonetheless appropriate. Deadrick points out that the trial court's order denying the petition does not specify the reason for the denial, and Barnes did not request findings of fact and conclusions of law. Deadrick relies on the legal precept that, when the trial court does not make separate findings of fact and conclusions of law, we imply that the trial court made all necessary findings, and we will uphold the trial court's decision on any legal theory supported by the evidence. *See Mauldin v. Clements*, 428 S.W.3d 247, 262 (Tex. App.—Houston [1st Dist.] 2014, no pet.).

---

non-appearance and the denial of the petition. Moreover, at the December 2, 2013 hearing in this case, Deadrick's counsel represented to the trial court that the first bill-of-review action had been denied because Barnes had failed to appear at the September 10, 2010 hearing. Although the associate judge indicated on the docket sheet that the first bill-of-review was "denied," not dismissed, it is not apparent from the limited record whether this ruling was intended to be a default judgment or whether it was intended to be a dismissal for want of prosecution. No transcript from the hearing appears in the record. We recognize that courts have held that a default judgment can constitute a determination on the merits for res judicata purposes. *See, e.g., Bovey v. Coffey*, No. 09–11–00445–CV, 2012 WL 1448530, at *4 (Tex. App.—Beaumont April 10, 2012, no pet.) (mem. op.); *Reliance Capital, Inc. v. G.R. Hmaidan, Inc.*, No. 14–07–01059–CV, 2009 WL 1325441, at *4 (Tex. App.—Houston [14th Dist.] May 14, 2009, pet. denied) (mem. op.); *Jones v. First Bank of Anson*, 846 S.W.2d 107, 110 (Tex. App.—Eastland 1992, no writ). However, as discussed, a dismissal for want of prosecution, without prejudice, is not an adjudication on the merits and does not serve as res judicata to preclude a later-filed action. *See Carter v. Charles*, 853 S.W.2d 667, 672 (Tex. App.—Houston [14th Dist.] 1993, no writ).

Deadrick asserts that the trial court's denial of Barnes's bill-of-review petition may be upheld because Barnes did not offer proof at the December 2, 2013 hearing to show each element of his bill-of-review claim. A bill-of-review plaintiff must ordinarily plead and prove (1) a meritorious defense to the underlying cause of action, (2) which the plaintiff was prevented from making by the fraud, accident or wrongful act of the opposing party or official mistake, (3) unmixed with any fault or negligence on his own part. *Caldwell v. Barnes (Caldwell II)*, 154 S.W.3d 93, 96 (Tex. 2004) (citing *Baker v. Goldsmith*, 582 S.W.2d 404, 406–07 (Tex. 1979)). Procedurally, a bill of review petitioner must factually allege with particularity that the preceding judgment was a result of fraud, accident, or a wrongful act of the opposing party or official mistake unmixed with his own negligence. *Baker*, 582 S.W.2d at 408. Then, at a pretrial hearing, the petitioner must set forth prima facie proof of a meritorious claim or defense to the underlying cause of action. *Id.*

The Supreme Court of Texas, however, has made clear that allegations of non-service of process—as advanced by Barnes in this case—reduce a bill-of-review plaintiff's burden:

> Bill of review plaintiffs claiming non-service . . . are relieved of two elements ordinarily required to be proved in a bill of review proceeding. First, if a plaintiff was not served, constitutional due process relieves the plaintiff from the need to show a meritorious defense. Second, the plaintiff is relieved from showing that fraud,

accident, wrongful act or official mistake prevented the plaintiff from presenting such a defense.

Bill of review plaintiffs alleging they were not served, however, must still prove the third and final element required in a bill of review proceeding that the judgment was rendered unmixed with any fault or negligence of their own. In *Caldwell*, we said this third and final element is conclusively established if the plaintiff can prove that he or she was never served with process. An individual who is not served with process cannot be at fault or negligent in allowing a default judgment to be rendered. Proof of non-service, then, will conclusively establish the third and only element that bill of review plaintiffs are required to prove when they are asserting lack of service of process as their only defense.

. . . .

In sum, when a plaintiff seeks a bill of review based solely on a claim of non-service, the bill of review procedure outlined in *Goldsmith* must be slightly modified. When a plaintiff claims lack of service, the trial court should: (1) dispense with any pretrial inquiry into a meritorious defense, (2) hold a trial, at which the bill of review plaintiff assumes the burden of proving that the plaintiff was not served with process, thereby conclusively establishing a lack of fault or negligence in allowing a default judgment to be rendered, and (3) conditioned upon an affirmative finding that the plaintiff was not served, allow the parties to revert to their original status as plaintiff and defendant with the burden on the original plaintiff to prove his or her case.

*Caldwell II*, 154 S.W.3d at 96–97 (citations omitted).

The supreme court expounded on its earlier holdings in *Ross v. National Center for the Employment of the Disabled*, 197 S.W.3d 795, 797 (Tex. 2006). Although a bill-of-review petitioner must normally show that he exercised due diligence to assert all adequate legal remedies before filing the bill of review, *see*

13

*Caldwell v. Barnes*, 975 S.W.2d 535, 537 (Tex. 1998), the *Ross* court re-emphasized that the absence of proper service modifies the elements of a bill of review. *Ross*, 197 S.W.3d at 797. The court reiterated that a party who has not been properly served "is entitled to a bill of review without a further showing, because the Constitution discharges the first element, and lack of service establishes the second and third." *Id.* This holding applies even when a party becomes aware of the proceedings and fails to participate. *See id.* at 797–98. The court stated, "While diligence is required from properly served parties or those who have appeared . . . those not properly served have no duty to act, diligently or otherwise." *Id.* (citations omitted).

Here, Barnes's bill-of-review action is founded on his claim that he was not served with process in the SAPCR suit, which resulted in the 2009 default order he now challenges.[2] In his sworn bill-of-review petition, Barnes asserted that he "was

---

[2] The dissent states that Barnes's second bill of review is barred by Barnes's failure to file a motion to reinstate his first bill-of-review action under Rule of Civil Procedure 165a, and the dissent notes that Barnes did not file his own SAPRC seeking to modify the April 9, 2009 default order, establishing conservatorship and child support. Barnes's failure to move to reinstate the first bill of review proceeding under Rule 165a was never raised or relied on by Deadrick in the trial court (or on appeal) as a reason for denying the second bill-of-review petition. We recognize that this Court may "uphold a lower court judgment on any legal theory *before it*, even if the court gives an incorrect reason for its judgment." *Guar. County Mut. Ins. Co. v. Reyna*, 709 S.W.2d 647, 648 (Tex. 1986) (emphasis added). At least one court of appeals has held that a judgment cannot be affirmed based on a ground not presented to the trial court and to which the opposing side has not had an opportunity to respond. *See Victoria Gardens of Frisco v. Walrath*, 257 S.W.3d 284, 290 (Tex. App.—Dallas 2008, pet. denied). With respect to the

14

served via substitute service at an incorrect address and thus never received notice of the pending action." Appended to his petition is a verification in which Barnes states, "I, Billy Ray Barnes, Petitioner, swear under oath that the facts stated in the above Original Petition for Bill of Review are true and correct."

The record reflects that, on December 2, 2013, the trial court conducted a hearing in the instant bill-of-review proceeding. The hearing began with the trial court's considering, and denying, Deadrick's special exceptions to Barnes's petition. Immediately following its denial of Deadrick's special exceptions request, the trial court initiated a discussion regarding Deadrick's affirmative defense of res judicata, stating, "[B]ut I think your res judicata claim may have some merit [as opposed to the request for special exceptions.]" The court and the parties then engaged in a discussion regarding the propriety of Deadrick's claim

---

fact that Barnes did not seek to modify the 2009 default order, we note that this Court has previously held that a bill of review petitioner, challenging a conservatorship order, is not required to first file an action seeking modification of that order, if the matters raised in the bill-of-review petition differ from those that would be raised in a suit to modify. *Blum v. Mott*, 664 S.W.2d 741, 744 (Tex. App.—Houston [1st Dist.] 1983, no writ) (holding that issue of fraud, of which appellant complained in bill of review, could not properly be raised in proceeding to modify conservatorship; thus, appellant was not required to seek relief under the provisions of the Family Code before filing her bill of review). Here, the issue of Barnes's non-service, raised in his bill-of-review petition, would not properly be raised in a suit seeking modification of the 2009 SAPCR order. *See id.* (explaining that issue of fraud would not properly be raised in modification action because governing Family Code section focused on changed circumstances after entry of challenged conservatorship order, while bill-of-review petition was based on appellee's alleged fraudulent representations to appellant made before entry of the order).

15

that Barnes's second bill-of-review action was barred by the principle of res judicata. Deadrick based her res judicata defense on the associate judge's September 10, 2010 oral denial of Barnes's first bill-of-review petition, as indicated by associate judge's docket notation in the earlier proceeding.

At the December 2013 hearing, Barnes's counsel defended against Deadrick's res judcata claim by pointing out that the only written order in the first bill-of-review action had been the 2011 order, signed by the presiding judge, dismissing that suit for want of prosecution. However, the trial court agreed with Deadrick's assertion that the associate judge's 2010 oral denial of the first bill-of-review petition, as noted in the docket sheet, established res judicata as to the second bill-of-review action.

The trial court concluded the hearing by stating as follows with respect to Barnes bill-of-review petition: "I agree with you [Deadrick], it's been ruled on [by the associate judge]. It was ruled on more than three years ago [in 2010]. It was denied at that time, and res judicata applies. Y'all are excused." That was the end of the hearing.

In her appellate brief, Deadrick asserts,

[T]he history of this case, namely [Barnes's] allowing a default to be taken against him on the original bill in 2010, and in allowing for that bill to be subsequently dismissed in 2011, and the delay in re-filing this second bill, suggests a pattern of inattentiveness to court proceedings upon which judgment denying his bill could rest. That Appellant would allow a default against him on his own petition

16

would suggest that . . . the original default in 2009 . . . could also be attributed to this inattentiveness.

However, given his allegations, Barnes's "attentiveness" in the SAPCR suit is not an issue here. As discussed, when a bill-of-review plaintiff claims no service of process, the only issue to be determine is whether he was served. *See Caldwell II*, 154 S.W.3d at 96–97; *Ross*, 197 S.W.3d at 797. It follows that a party, who is not served with process, cannot be negligently "inattentive" in that proceeding. *See Caldwell II*, 154 S.W.3d at 97 ("An individual who is not served with process cannot be at fault or negligent in allowing a default judgment to be rendered."). We cannot ascertain how Barnes's conduct in the bill-of-review proceedings would have any relevance to whether his negligence, if any, resulted in his non-service in the SAPCR suit. *Cf. Campus Invs., Inc. v. Cullever*, 144 S.W.3d 464, 466 (Tex. 2004) (affirming denial of a bill of review when petitioner never received service that was properly sent by the Texas Secretary of State because petitioner was negligent in failing to update addresses for its registered agent and registered office).

Moreover, Barnes's "delay in re-filing [the] second bill" does not support the trial court's denial of the petition.[3] Generally, a bill-of-review plaintiff must

---

[3]     The dissent cites *Davis v. Smith*, 227 S.W.3d 299, 304 (Tex. App.–Houston [1st Dist.] 2007, no pet.) for the proposition that "a party who fails to timely avail itself of available legal remedies is not entitled to relief by bill of review." However, *Davis* differs from the present case in a significant way. In *Davis*, the bill-of-

file his claim within four years of rendition of the judgment he attacks. *See PNS Stores, Inc. v. Rivera*, 379 S.W.3d 267at 275 (Tex. 2012). Here, the default SAPCR order was signed on April 9, 2009. After his first bill-of-review petition was dismissed without prejudice to its re-filing, Barnes filed his second bill-of-review petition on January 31, 2013, within the four-year limitations period. *Rizk*, 603 S.W.2d at 775. The record does not support denial of the second bill-of-review action based simply on the timing of when it was filed. *See Caldwell*, 975 S.W.2d at 538 (rejecting laches defense to petition for bill of review and reversing summary judgment against bill-of-review plaintiff, who had filed action within four-year limitations period but had waited nearly two years to file action after learning of the default judgment).

On appeal, Deadrick also claims that Barnes failed to offer any evidence at the hearing to show that the 2009 default SAPCR order was not taken against him "due to his own fault or negligence." However, the record shows that Barnes was not put to his proof on the merits of his claim at the December 2, 2013 hearing.

review plaintiff sought to utilize a bill-of-review action to challenge a judgment dismissing a lawsuit for want of prosecution. *See id.* at 301. There, the plaintiff had not exhausted her available legal remedies to challenge the dismissal judgment before she filed the bill-of-review petition. *See id.* at 303–304. In contrast, Barnes seeks to use the bill-of-review procedure to challenge the SAPCR default judgment rendered against him in a case in which he asserts that he had not been served. In other words, while *Davis* turned on whether the appellant could utilize a bill-of-review action to challenge a dismissal judgment in a case she had filed, the present case turns on whether Barnes can utilize the bill-of-review process to challenge a default judgment rendered against him in case where he asserts no service. Thus, *Davis* is not controlling here.

The trial court did not conduct the hearing in accordance with the usual order of proceedings for a trial, which begins with the parties making opening statements followed by the introduction of evidence by the party "upon whom rests the burden of proof on the whole case." *See* TEX. R. CIV. P. 265 (specifying order of proceedings in jury trials); *see also* TEX. R. CIV. P. 262 (providing that rules governing trial before a jury shall govern trials by court where applicable). Rather, the record shows that the trial court chose to determine Barnes's bill of review on Deadrick's affirmative defense of res judicata without first hearing evidence from Barnes.

The Supreme Court of Texas has stated that a trial court may, in its discretion, conduct a bill-of-review trial in one hearing, or it may conduct it in separate hearings. *Baker*, 582 S.W.2d at 409 (citing TEX. R. CIV. P. 174(b)). In making this statement, the supreme court cited Rule of Civil Procedure 174(b), which permits a trial court to order separate trials for any claim or issue "in furtherance of convenience or to avoid prejudice." *See* TEX. R. CIV. P. 174(b); *see also Grocers Supply, Inc. v. Cabello*, 390 S.W.3d 707, 726 (Tex. App.—Dallas 2012, no pet.) ("An issue that is tried separately under rule 174 need not constitute a complete lawsuit in itself.").

When Rule 174(b) was promulgated, the "Opinion of Subcommittee on Interpretation of Rules" stated, "The [trial] court has authority to order trial on any

plea in bar or any separate issues and to render judgment solely on the plea or issue tried found to be decisive." TEX. R. CIV. P. 174(b), Opinion of Subcommittee on Interpretation of Rules (citing 5 Tex. B.J. 125 (1942); 8 Tex. B.J. 12 (1945)). Embracing this concept, other courts have determined that a separate trial may be conducted on a defensive issue and, at the close of that trial, judgment may be rendered based solely on the defensive issue. *See, e.g., In re K.M.T.*, 415 S.W.3d 573, 575 (Tex. App.—Texarkana 2013, no pet.) (concluding that hearing, at which trial court dismissed petitioner's paternity suit with prejudice for failure to comply with statute of limitations, was a separate trial pursuant to Rule 174(b)); *Phipps v. Miller*, 597 S.W.2d 458 (Tex. Civ. App.—Dallas 1980, writ ref'd n.r.e.) (upholding separate trial on defendant's plea of limitation). Here, neither Barnes nor Deadrick objected when the trial court chose to proceed by hearing Deadrick's affirmative defense of res judicata rather than first determining whether Barnes could meet his burden on the bill of review. Thus, we treat the procedure utilized by the trial court in this case as a separate trial of the defensive issue of res judicata, which resulted in the trial court's rendition of the judgment denying Barnes's bill of review.

We note that, had the trial court determined that res judicata did not bar Barnes's bill-of-review action, further proceedings would have been necessary. *See K.M.T.*, 415 S.W.3d at 577, n.5. At that point, Barnes would have been

required to meet his burden to offer evidence showing that he was not served with process in the SAPCR action. But, because the res-judicata issue was dispositive in this case, nothing further was left for the trial court to adjudicate. *See id.* Even if Barnes had offered evidence showing non-service, Deadrick's affirmative defense of res judicata had already formed a separate, independent basis for denying the bill of review. *See In re M.Y.W.*, No. 14–06–00185–CV, 2006 WL 3360482, at *2 (Tex. App.—Houston [14th Dist.] 2006, pet. denied) ("An affirmative defense does not rebut the factual propositions of the plaintiff's pleading, but, instead, allows the defendant to introduce evidence to establish an independent reason why the plaintiff should not prevail.").

On this record, Barnes's presentation of evidence to show he was not negligent with respect to the judgment taken in the SAPCR action, that is, that he was never served, would not have changed the outcome. *See id.* Thus, we do not agree with Deadrick that the trial court's denial of Barnes's bill-of-review petition could be based on the alternate theory that Barnes failed to offer proof to support his claim at the hearing.

Lastly, in her brief, Deadrick asserts that Barnes cannot show that any error resulting from the trial court's denial of the bill-of-review petition was harmful error. *See* TEX. R. APP. P. 44.1(a). She claims that, to demonstrate harm, Barnes was required to have made an offer of proof, pursuant to Rule of Evidence 103, to

preserve in the record the evidence he would have offered to establish his claim had it not been denied by the trial court. *See* TEX. R. EVID. 103. However, the primary purpose of an offer of proof is to enable the reviewing court to determine whether the trial court erred by a ruling to exclude evidence and, if so, whether such error in excluding the evidence was harmful. *See Fletcher v. Minn. Mining & Mfg. Co.*, 57 S.W.3d 602, 608 (Tex. App.—Houston [1st Dist.] 2001, pet. denied). Here, Barnes presents no issue challenging an evidentiary ruling by the trial court to exclude evidence; thus, Rule of Evidence 103 has no application.

## Conclusion

We hold that the trial court abused its discretion when it denied Barnes's bill-of-review petition. Accordingly, we sustain Barnes's sole issue. We reverse the judgment of the trial court and remand the case for further proceedings.


Laura Carter Higley
Justice

Panel consists of Justices Keyes, Higley, and Brown.

Justice Keyes, dissenting.