

# NUMBER 13-16-00632-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE LORETTA YOUNG CANTU

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

## Before Chief Justice Valdez and Justices Rodriguez and Benavides
## Memorandum Opinion by Justice Rodriguez[1]

Relator, Loretta Young Cantu, filed a petition for writ of mandamus in the above cause on November 21, 2016. Through this original proceeding, relator seeks to compel the trial court to vacate an order setting a hearing on a motion for summary judgment filed by the real party in interest, Rolando Cantu. Relator contends that this order is void

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

because it was issued after the expiration of the trial court's plenary power. In essence, relator contends that a summary judgment rendered previously in the case was the final judgment in the underlying cause. We conclude that the earlier summary judgment was interlocutory, and accordingly, we deny the petition for writ of mandamus.[2]

## I. BACKGROUND

Rolando Cantu brought suit against relator and Horacio Cantu Jr. According to the facts alleged in Rolando's first amended petition, Rolando served as receiver for Preferred Ambulance, Inc. (Preferred Ambulance), a company owned and operated by relator and Horacio. Relator and Horacio divorced, and the divorce decree divided the assets of Preferred Ambulance equally between them. The final decree of divorce incorporated an "Agreement Incident to Divorce," which provided that relator and Horacio were jointly responsible for the federal income taxes for Preferred Ambulance for previous years. In conjunction with the divorce, relator and Horacio also entered into a "Settlement Agreement" which provided for global indemnification of relator, Horacio, and Rolando as the receiver for Preferred Ambulance. According to Rolando's petition, "[a]s part of the Final Decree of Divorce, . . . [Rolando] was indemnified against any claims whatsoever by . . . [relator and Horacio]."

Further, according to the petition, Preferred Ambulance failed to file and pay its payroll taxes to the United States Treasury for the tax period ending June 30, 2008. Rolando alleged that the Internal Revenue Service "has made a demand for Preferred Ambulance, Inc.'s June 30, 2008 payroll tax liability" for an outstanding balance of

---

[2] This petition for writ of mandamus arises from trial court cause number C-786-11-A in the 92nd District Court of Hidalgo County, Texas, and the Honorable Luis M. Singleterry is the respondent. *See generally* TEX. R. APP. P. 52.2. Horacio Cantu Jr., although named as a party in the pleadings below, did not file a response or other pleading in this original proceeding.

$137,503.75. Rolando asserted that he paid this amount to the United States Treasury in response to its demand and sought reimbursement from relator and Horacio.

Rolando thus brought claims against relator and Horacio for declaratory judgment, breach of contract, quantum meruit, and promissory estoppel. He sought declaratory relief and requested that the trial court find that he is "indemnified for all sums paid to the United States Treasury and Internal Revenue Service as provided for in the Agreement Incident to Divorce." Rolando sought indemnification through terms of the Agreement Incident to Divorce and the Settlement Agreement on grounds he was a "proper third party beneficiary with rights to enforce the agreement of indemnification." He argued that he was entitled to recovery for the amounts paid as reimbursement. Finally, Rolando asserted that he was entitled to reasonable and necessary attorney's fees and costs under sections 37.009 and 38.001 of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 37.009 (West, Westlaw through 2015 R.S.) (stating that the trial court "may" award costs and "reasonable and necessary attorney's fees as are equitable and just" in declaratory judgment actions); *Id.* § 38.001 (West, Westlaw through 2015 R.S.) (providing that a person may recover attorney's fees for various claims, including a claim based on "an oral or written contract"). The petition stated that the trial court had previously granted a declaratory judgment and attorney's fees in Rolando's favor against both relator and Horacio; however, the trial court subsequently granted relator's motion for new trial. According to Rolando's petition, the "Declaratory Judgment remains in effect as to Horacio." Relator answered the petition with a general denial containing numerous affirmative defenses and several counterclaims.

3

During subsequent litigation, Rolando filed a no-evidence motion for summary judgment against relator arguing that he was entitled to summary judgment on relator's eighteen affirmative defenses and five counterclaims on the grounds that these defenses and counterclaims lacked evidentiary support. He further requested attorney's fees of $15,000 and prejudgment interest. Relator filed an objection and response to Rolando's no-evidence motion for summary judgment. Rolando filed a response and objections to relator's evidence.

After a hearing, the trial court granted Rolando's motion for summary judgment. The trial court's March 17, 2016 order on the motion for summary judgment states in its entirety:

> On the 9th day of February, 2016, the Court heard the Motion for No Evidence Summary Judgment filed by Plaintiff/Counter-Defendant Rolando Cantu and the response thereto filed by Loretta Young Cantu and the Objections to Defendant's Summary Judgment Evidence filed by Plaintiff/Counter-Defendant. After having reviewed the pleadings and hearing the argument of counsel, the Court finds that the Motion for No Evidence Summary Judgment should be granted and hereby enters the following Orders[.]
>
> IT IS ORDERED that the Objections to Defendant's Summary Judgment Evidence filed by Plaintiff/Counter-Defendant are sustained.
>
> IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Motion for No Evidence Summary Judgment filed by Plaintiff/Counter-Defendant Rolando Cantu is granted in all respects.
>
> IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the affirmative defenses asserted by Defendant/Counter-Plaintiff Loretta Young Cantu, and listed below, are hereby denied with prejudice:
>
> a. ratification;
>
> b. waiver;
>
> c. laches;

4

d. statute of frauds;

e. pari delicto, wrongful acts/unlawful acts and unclean hands;

f. payment;

g. release;

h. res judicata;

i. estoppel;

j. estoppel in pais/equitable estoppel;

k. collateral estoppel;

l. judicial estoppel;

m. estoppel by contract;

n. quasi estoppel;

o. judicial admission;

p. offsets and credits;

q. failure to mitigate damages;

r. one satisfaction rule.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the counterclaims asserted by Defendant/Counter-Plaintiff Loretta Young Cantu, and listed below, are hereby dismissed with prejudice:

a. unjust enrichment;

b. money had and received;

c. wrongful conversion;

d. breach of fiduciary duty;

e. exemplary damages.

5

The summary judgment does not contain a conclusion paragraph following this language. That same day, the District Clerk of Hidalgo County provided the following notice to the parties:

> In accordance with Rules of Civil Procedure 306(a)3; the clerk of the court shall immediately give notice to the parties or their attorney of record by first-class mail advising that the judgment or order was signed.
>
> A final judgment, SUMMARY JUDGMENT SIGNED BY JUDGE: LUIS M. SINGLETERRY was signed on 03/17/2016 and a copy may be purchased for $1 per page at the district clerk's office located at: Hidalgo County Courthouse, 100 N. Closner, 1st Floor, Edinburg, Texas.

*See* Tex. R. Civ. P. 306a(3) (stating that the clerk of the court "shall immediately give notice" when a "final judgment or other appealable order is signed"). Subsequently, in May 2016, relator filed a no-evidence motion for summary judgment and a traditional motion for summary judgment; however, the trial court clerk declined to set relator's summary judgment motions for hearing on grounds that the case had been concluded. Relator alleges that she "relied upon the information from the docket entry, the court clerk[,] and the Hidalgo County District Clerk's Office that the case was no longer active and took no further action." However, in October 2016, Rolando thereafter filed a second amended original petition and a traditional motion for summary judgment regarding his claims against relator. The trial court set Rolando's summary judgment motion for hearing. Relator filed an objection to setting the motion for hearing on grounds that the trial court lacked jurisdiction because its plenary power had expired. The trial court nevertheless maintained the setting.

This original proceeding ensued. By two issues, relator contends that: (1) the trial court abused its discretion by signing an order setting Rolando's motion for summary judgment for hearing after the trial court's plenary power expired; and (2) mandamus relief

6

is appropriate when the trial court issues a void order without the necessity of showing that there is no adequate remedy by appeal. In support of her contention that the summary judgment was final, relator relies on the March 17, 2016 order granting summary judgment, the "final judgment" notice from the District Clerk, the trial court clerk's refusal to set her motions for hearing, and the "case summary" prepared at the time summary judgment was granted which indicated that the case had been closed.

This Court requested and received a response to the petition for writ of mandamus from Rolando. Rolando contends that the summary judgment was interlocutory and the trial court maintains jurisdiction over the case.

## II. STANDARD OF REVIEW

Mandamus is an extraordinary remedy. *In re H.E.B. Grocery Co., L.P.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam). Mandamus relief is proper to correct a clear abuse of discretion when there is no adequate remedy by appeal. *In re Christus Santa Rosa Health Sys.*, 492 S.W.3d 276 (Tex. 2016) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). The relator bears the burden of proving both of these requirements. *In re H.E.B. Grocery Co., L.P.*, 492 S.W.3d at 302; *Walker*, 827 S.W.2d at 840. An abuse of discretion occurs when a trial court's ruling is arbitrary and unreasonable or is made without regard for guiding legal principles or supporting evidence. *In re Nationwide Ins. Co. of Am.*, 494 S.W.3d 708, 712 (Tex. 2016) (orig. proceeding); *Ford Motor Co. v. Garcia*, 363 S.W.3d 573, 578 (Tex. 2012). Similarly, a trial court abuses its discretion when it fails to analyze or apply the law correctly. *In re Nationwide Ins. Co. of Am.*, 494 S.W.3d at 712; *In re Sw. Bell Tel. Co.*,

7

226 S.W.3d 400, 403 (Tex. 2007) (orig. proceeding). We determine the adequacy of an appellate remedy by balancing the benefits of mandamus review against the detriments. *In re Essex Ins. Co.*, 450 S.W.3d 524, 528 (Tex. 2014) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136.

Mandamus relief is proper when the trial court issues a void order. *See In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding); *In re Jacky*, No. 01-16-00236-CV, 2016 WL 4203421, at *3, __ S.W.3d __, __ (Tex. App.—Houston [1st Dist.] Aug. 9, 2016, orig. proceeding); *In re Flores*, 111 S.W.3d 817, 818 (Tex. App.—Houston [1st Dist.] 2003, orig. proceeding) (per curiam). Specifically as it concerns this case, mandamus is proper if a trial court issues an order after its plenary power expires. *In re Sw. Bell Tel. Co.*, 35 S.W.3d at 605. Such an order is void and constitutes an abuse of discretion. *Id.* Moreover, when a trial court has entered a void order, the relator need not show that it lacks an adequate remedy by appeal, and mandamus relief is appropriate. *Id.*; *In re Jacky*, 2016 WL 4203421.

### III. APPLICABLE LAW

The issues raised in this original proceeding concern the trial court's plenary power and the finality of the trial court's March 17, 2016 summary judgment order. A trial court retains jurisdiction over a case for a minimum of thirty days after signing a final judgment. TEX. R. CIV. P. 329b(d). During this time, the trial court has plenary power to change its judgment. *Lane Bank Equip. Co. v. Smith S. Equip., Inc.*, 10 S.W.3d 308, 310 (Tex. 2000). Relator contends that the March 17, 2016 summary judgment is final and the trial court's plenary power expired thirty days after the judgment was signed.

8

The Texas Supreme Court has held that a judgment issued without a conventional trial is final for purposes of appeal only if either (1) it actually disposes of all claims and parties then before the court, regardless of its language, or (2) it states with unmistakable clarity that it is a final judgment as to all claims and all parties. *Farm Bureau Cnty. Mut. Ins. Co. v. Rogers*, 455 S.W.3d 161, 163 (Tex. 2015); *Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 192 (Tex. 2001); *see Thai Xuan Vill. Condo. Ass'n, Inc. v. Hien Luu*, No. 14-15-00873-CV, 2016 WL 6887344, at *2, __ S.W.3d __, __ (Tex. App.—Houston [14th Dist.] Nov. 22, 2016, no. pet. h.). The supreme court explained that "[a]n order does not dispose of all claims and all parties merely because it is entitled 'final', or because the word 'final' appears elsewhere in the order, or even because it awards costs." *Lehmann*, 39 S.W.3d at 205; *see Farm Bureau*, 455 S.W.3d at 163. The inclusion of a "Mother Hubbard clause," such as the statement—"all relief not granted is denied"—or similar words, does not indicate that a judgment rendered without a conventional trial is final for purposes of appeal. *Lehmann*, 39 S.W.3d at 203–04. Rather, there must be some other clear indication that the trial court intended the order to completely dispose of the entire case. *Farm Bureau*, 455 S.W.3d at 163; *Lehmann*, 39 S.W.3d at 205.

As explained in *Lehmann*, "the language of an order or judgment can make it final, even though it should have been interlocutory, if that language expressly disposes of all claims and all parties." *Lehmann*, 39 S.W.3d at 200. If the trial court's intent to enter a final judgment is "clear from the order, then the order is final and appealable, even though the record does not provide an adequate basis for rendition of judgment." *Id.* In that case, "the judgment is final—erroneous, but final." *Id.* In *Lehmann*, the Texas Supreme

9

Court instructed appellate courts to review the record in the case and the language of the order to determine whether the order is final. *Id.* at 205–06.

To construe a judgment, we look first and foremost to the text of the judgment as written, and, if it is unambiguous, we must give effect to the literal language used. *See, e.g., Shanks v. Treadway*, 110 S.W.3d 444, 447 (Tex. 2003); *In re Piatt Servs. Int'l, Inc.*, 493 S.W.3d 276, 281 (Tex. App.—Austin 2016, no pet.). If the judgment is ambiguous, we should look also to the record as an aid in interpreting it. *Shanks*, 110 S.W.3d at 447–48. We do not read isolated words or phrases in a vacuum; rather, we are to construe the judgment as a whole so as to harmonize and give effect to all of its provisions. *Id.* Moreover, "one cannot divorce text from context" when construing written instruments, as "[t]he meaning of words read in isolation is frequently contrary to the meaning of words read contextually in light of what surrounds them." *In re Office of the Att'y Gen.*, 456 S.W.3d 153, 155–56 (Tex. 2015) (orig. proceeding) (explaining that this is the rule "[w]hen construing statutes, or anything else").

## IV. ANALYSIS

Relator contends that the trial court abused its discretion by signing an order setting Rolando's motion for summary judgment for hearing after the trial court's plenary power expired. In contrast, Rolando contends that the March 17, 2016 summary judgment was interlocutory and thus the trial court has retained jurisdiction over the underlying case. Because there was no conventional trial on the merits and no statutory right to appeal, we examine whether the judgment actually disposed of all claims and parties before the court, regardless of its language. *See Lehmann*, 39 S.W.3d at 192.

The summary judgment expressly resolves relator's affirmative defenses and her counterclaims; however it does not address Rolando's affirmative claims for relief against relator or Rolando's claims against Horacio, thus the summary judgment did not dispose of all claims and parties before the trial court. *See id.* Furthermore, the summary judgment does not state with "unmistakable clarity" that it is a final judgment, and in fact, it contains no language regarding finality. *See id.* Accordingly, the summary judgment was interlocutory. *See id.* at 200.

We are cognizant that the present dispute arose because the district clerk sent notice to the parties that a "final judgment" had been signed and the case summary showed at that time that the case "was disposed in March, 2016." These circumstances are not determinative because, as stated previously, we examine the language of the judgment and the record to determine finality. *See id.* at 195; *see, e.g., Philips v. McNease*, 467 S.W.3d 688, 693 (Tex. App.—Houston [14th Dist.] 2015, no pet.) ("Because a final judgment does not have to be in any particular form, deciding whether a judicial decree is a final judgment must be determined from its language and the record in the case."). In this regard, a docket-sheet entry ordinarily forms no part of the record that may be considered; rather, it is a memorandum made for the trial court and clerk's convenience. *Barnes v. Deadrick*, 464 S.W.3d 48, 53 (Tex. App.—Houston [1st Dist.] 2015, no pet.); *In re Bill Heard Chevrolet, Ltd.*, 209 S.W.3d 311, 315 (Tex. App.—Houston [1st Dist.] 2006) (orig. proceeding). Docket-sheet entries are inherently unreliable because they lack the formality of orders and judgments. *Barnes*, 464 S.W.3d at 53; *Ashton Grove L.C. v. Jackson Walker L.L.P.*, 366 S.W.3d 790, 795 (Tex. App.—Dallas 2012, no pet.); *In re Bill Heard Chevrolet, Ltd.*, 209 S.W.3d at 315. A docket-sheet entry

11

is generally considered insufficient to constitute a judgment or decree of the court and cannot contradict, overrule, or take the place of a written order or judgment. *Barnes*, 464 S.W.3d at 53; *Kalyanaram v. Burck*, 225 S.W.3d 291, 303 (Tex. App.—El Paso 2006, no pet.); *In re Bill Heard Chevrolet*, 209 S.W.3d at 315.

Based on the language of the summary judgment and our review of the record, the March 17, 2016 summary judgment was not a final judgment because it did not dispose of Rolando's claims against relator, and accordingly, the trial court retains plenary jurisdiction over this matter. We overrule relator's first issue, and having done so, need not address her second issue.[3] *See* TEX. R. APP. P. 47.1, 47.4.

## V. CONCLUSION

The Court, having examined and fully considered the petition for writ of mandamus, the response, and the applicable law, is of the opinion that the relator has not met her burden to obtain mandamus relief. Accordingly, we LIFT the stay previously imposed in this case and we DENY the petition for writ of mandamus. *See id.* R. 52.10(b) ("Unless vacated or modified, an order granting temporary relief is effective until the case is finally decided.").

NELDA V. RODRIGUEZ
Justice

Delivered and filed the
8th day of December, 2016.

---

[3] In connection with relator's first issue, relator contended that the "court clerk" refused to set relator's motions for summary judgment for hearing. Given Rolando's position that the trial court case was ongoing and given our resolution of this original proceeding, we trust that relator's pleadings will be handled appropriately in the future.