

# NUMBER 13-16-00510-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

EDNA BERENICE PUENTE,                                      **Appellant,**

## v.

GERTRUDIS LITTLE AND
JAMES R. LITTLE,                                      **Appellees.**

## On appeal from the County Court at Law No. 4
## of Hidalgo County, Texas.

# MEMORANDUM OPINION
### Before Chief Justice Valdez and Justices Benavides and Longoria
### Memorandum Opinion by Justice Benavides

By one issue, appellant Edna Puente challenges the trial court's denial of her bill of review. At the trial court, Puente filed a bill of review in response to an order terminating her parental rights to her son and a subsequent order of adoption by the appellees, Gertrudis and James Little (collectively the Littles). We affirm.

## I. BACKGROUND[1]

This case stems out of a voluntary relinquishment of parental rights and subsequent adoption. On October 27, 2015, Puente executed a voluntary relinquishment of parental rights regarding her son, S.C.T.[2] On December 16, 2015, the trial court granted an adoption of S.C.T. to the Littles.

On January 26, 2016, Puente filed suit challenging the voluntary relinquishment and adoption through a bill of review. A hearing on Puente's bill of review was conducted on June 8, 2016, and the trial court entered findings of fact and conclusions of law and denied Puente's bill of review on June 13, 2016. Her motion for new trial was overruled by operation of law, and this appeal followed.

## II. BILL OF REVIEW

By her sole issue, Puente challenges the trial court's denial of her bill of review.

### A. Standard of Review and Applicable Law

A bill of review is an independent action to set aside a judgment that is no longer appealable or subject to challenge by a motion for new trial. *Wembley Inv. Co. v. Herrera*, 11 S.W.3d 924, 926–27 (Tex. 1999). Although it is an equitable proceeding, the fact that an injustice has occurred is not sufficient to justify relief by bill of review. *Id.* at 927. Generally, bill of review relief is available only if a party has exercised due diligence in pursuing all adequate legal remedies against a former judgment, and through no fault of

---

[1] As this is a memorandum opinion and the parties are familiar with the facts of the case, we will not recite them here except as necessary to advise the parties of this Court's decision and the basic reasons underlying it. See TEX. R. APP. P. 47.4.

[2] Pursuant to Rule 9.8(b) of the Texas Rules of Appellate Procedure, we will utilize aliases when referring to the child in this proceeding. *See* TEX. R. APP. P. 9.8(b).

its own, has been prevented from making a meritorious claim or defense by the fraud, accident, or wrongful act of the opposing party. *Id*.

In reviewing the granting or denial of a bill of review, every presumption is indulged in favor of the court's ruling, which will not be disturbed unless it is affirmatively shown that there was an abuse of discretion. *Barnes v. Deadrick*, 464 S.W.3d 48, 53 (Tex. App.—Houston 2015, no pet.). The trial court may be reversed for abusing its discretion only if it has acted in an unreasonable or arbitrary manner or without reference to any guiding rules and principles. *Id.*

A bill of review complainant must prove three elements: (1) a meritorious defense to the cause of action alleged to support the judgment, or a meritorious claim, (2) which he or she was prevented from making by the fraud, accident, or wrongful act of the opposing party or official mistake, and (3) unmixed with the fault or negligence of the complainant. *Jones v. Tex. Dep't. of Protective & Regulatory Serv.*, 85 S.W.3d 482, 487 (Tex. App.—Austin 2002, pet ref'd.).

The procedure for conducting a bill of review proceeding is set out in *Baker v. Goldsmith,* 582 S.W.2d 404 (Tex. 1979). First, the bill of review complainant must file a petition alleging factually and with particularity the three elements of a bill of review. *Id.* at 408. The complainant must then present, as a pretrial matter, *prima facie* proof to support the meritorious defense alleged in the petition. *Id.* The only relevant inquiry at this preliminary stage is whether (1) the complainant's defense is barred as a matter of law and (2) the complainant will be entitled to judgment on retrial if no evidence to the contrary is offered. *Id.* at 408–09. This is a question of law for the court. *Id.* at 409. In making its determination, the district court may consider discovery documents, affidavits, and such

3

other evidence that the court admits under its discretion. *Id.* The bill of review defendant may also present proof, but is limited to showing that the meritorious defense is barred as a matter of law; any factual questions arising out of factual disputes are resolved in favor of the complainant at this preliminary stage of the proceeding. *Id.* If the court determines that the complainant has failed to establish a *prima facie* meritorious defense, the court shall terminate the bill-of-review proceeding and dismiss the case. *Id.*

On the other hand, if the district court determines that the complainant has presented a *prima facie* meritorious defense, the court may then conduct a trial, during which the complainant must prove, by a preponderance of the evidence: (1) whether the complainant was prevented from asserting the meritorious defense due to fraud, accident, or wrongful conduct by the opposing party or official mistake, (2) unmixed with the fault or negligence of the complainant. *Id.* If the complainant satisfies this burden, the underlying controversy between the parties is retried. *Id.* The district court may try these remaining two elements in conjunction with the retrial of the underlying case or may conduct a separate trial on the elements. *Id.; Martin v. Martin,* 840 S.W.2d 586, 591 (Tex. App.—Tyler 1992, writ denied). The complainant may demand a jury trial on the two remaining elements. *Martin,* 840 S.W.2d at 592.

**B.      Discussion**

Puente alleges that she established by a preponderance of evidence that her parental rights relinquishment affidavit was obtained by fraud, deception, and undue influence or overreaching, due to the Littles' misconduct, and was unmixed with her own fault or negligence.

Under the Family Code, a trial court may order termination of the parent-child relationship if the court finds by clear and convincing evidence that termination is in the best interest of the child and that the parent has executed a valid, irrevocable affidavit of relinquishment of parental rights. *See* TEX. FAM. CODE ANN. § 161.001(1)(K), (2) (West, Westlaw through 2017 1st C.S.). Section 161.103 of the Family Code provides a litany of requirements that must be met for the affidavit of voluntary relinquishment of parental rights to form the basis for termination of the parent-child relationship under section 161.001(1)(K). *In re K.M.L.*, 443 S.W.3d 101, 108 (Tex. 2014).

The trial court held a hearing on Puente's bill of review.[3] During the hearing, Puente testified regarding the affidavit. She stated that James Little had woken her up and taken her to an attorney's office. Puente claimed that she believed the affidavit was to allow the Littles to pick up S.C.T. from school and take him to doctor's appointments, which she later agreed was more like a guardianship. Puente told the trial court she had been out drinking and taking Xanax pills the night before and could have still been "buzzed." She also explained to the court that she "can't function" when she takes Xanax. Puente also agreed that although she can read the English language, she did not read the document she was signing or ask any questions regarding what it contained. Puente believed she was "tricked" or "stupid" for signing the relinquishment but also stated that she did not feel she had to sign the document because she was told to sign it.

Puente's nurse practitioner, Trenton Carlos Apodaca, testified that he had been seeing Puente since January 2016 and that he diagnosed her with major depressive order

---

[3] Although Puente argues that the trial court proceeded with the bill of review trial and disregarded any preliminary matters, Puente requested the trial court to set her bill of review for a "hearing." Although the trial court did not hold a two-step proceeding, Puente did not object to the trial court's hearing. Therefore, Puente has waived this issue on appeal. *See* TEX. R. APP. P. 33.1.

and bipolar disorder. He told the trial court that drug use can exacerbate Puente's disorders and affect her cognitive disabilities. He also stated that he could not testify as to her condition when she signed the documents, as he was not treating her at that time.

Puente's mother, Claudia, also testified that she was not aware of the relinquishment until Puente called her in December 2015. Puente had attempted to pick up S.C.T. from school and was told she was not allowed to by school officials. Puente then found papers at the Littles' home that showed they had adopted S.C.T. and phoned her mother. Claudia testified that Puente sometimes asked her to explain documents so Puente could understand them and that Puente did not understand the relinquishment affidavit she signed. Claudia also explained that they attempted to get legal assistance from legal aid sources to no avail, approached a commissioner for assistance, and then finally retained legal counsel, who then filed the bill of review.

James Little testified on behalf of himself and his wife. Little told the trial court that when S.C.T. was an infant, they were given guardianship of S.C.T. by the Texas Department of Family and Protective Services (CPS). Little stated that Puente had previously signed a guardianship agreement at the attorney's office in order for the Littles to take S.C.T. on vacation with them. Little explained the adoption was Puente's idea because she wanted a better life for her son. Little said Puente knew why they were going to the lawyer's office that morning, and he believed she understood what was going on. Little said it was not a trick to get her to sign, but her idea.

Following the hearing, the trial court entered findings of fact and conclusions of law. In its findings, the trial court found that Puente could read the English language; admitted to signing the voluntary relinquishment affidavit; that Puente did not read the affidavit, but

6

could have; had taken one Xanax but was not intoxicated; that Puente had personal knowledge by December 18, 2015 of the termination and adoption of S.C.T.; and that Puente filed no legal action until January 26, 2016 when she filed the bill of review. The trial court also concluded that Puente was negligent in allowing the termination and adoption to become final by not reading the relinquishment affidavit, by not promptly filing a challenge to the termination and adoption, and Puente did not show entitlement to relief under the bill of review.

In order for the trial court to set aside the relinquishment affidavit, it was required to find by preponderance of the evidence there was coercion, duress, fraud, deception, undue influence, or overreaching. *Lumbis v. Tex. Dep't. of Prot. & Reg. Serv.*, 65 S.W.3d 844, 850 (Tex. App.—Austin 2002, pet. denied). Based on the evidence presented, Puente has not provided prima facie proof that she was "duped" into signing the relinquishment affidavit. *See Baker,* 582 S.W.2d at 408 (bill of review procedure). Puente admitted to not reading the affidavit or asking questions before signing it, as well as to not feeling like she was being forced to sign the affidavit. Additionally, James Little testified that it was Puente's idea that the Littles adopt S.C.T., that she appeared to understand what was going on, and they did not discuss it further upon leaving the attorney's office. No evidence presented to the trial court showed a meritorious defense where Puente was not at fault. *See Jones,* 85 S.W.3d at 487. Therefore, we conclude that the trial court did not abuse its discretion by denying Puente's bill of review. *See Barnes*, 464 S.W.3d at 53. We overrule Puente's sole issue.

### III. CONCLUSION

We affirm the judgment of the trial court.

GINA M. BENAVIDES,
Justice

Delivered and filed the
29th day of March, 2018.

8