**Opinion issued September 30, 2021.**



In The

# Court of Appeals

For The

# First District of Texas

_____

**NO. 01-19-00955-CV**

_____

**RACINE JONES, Appellant**

**V.**

**TARA FILLA JONES, Appellee**

**On Appeal from the 312th District Court**
**Harris County, Texas**
**Trial Court Case No. 2011-20915**

## MEMORANDUM OPINION

This case stems from a petition to modify the parent-child relationship filed by the minor child's mother, Tara Filla Jones, in July 2015. Racine Jones filed a counter petition in October 2015. While the petitions remained pending, the child's maternal grandparents sought to intervene for possession and access to the child.

Racine Jones moved to strike their petition to intervene. He attempts to perfect an appeal from an order denying his motion to strike the petition in intervention. We dismiss the appeal for lack of jurisdiction.

## Jurisdiction

A court of appeals has appellate jurisdiction to review final judgments and those interlocutory orders made immediately appealable by statute. TEX. CIV. PRAC. & REM. CODE §§ 51.012, 51.014. A judgment is final and appealable if it disposes of all parties and all issues. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). In this case, the parties are contesting possession and access to a minor child. None of the exceptions to the rule that only final judgments can be appealed applies. *See id*. We do not have jurisdiction to consider an interlocutory appeal of the court's decision to deny Racine Jones's motion to strike the petition in intervention.

To the extent Jones seeks the issuance of a writ of mandamus, he has not met his burden to show that he is entitled to relief. As the party seeking relief, the relator bears the burden of demonstrating entitlement to mandamus relief. *See Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding). The Rules of Appellate Procedure require the petitioner to submit an appendix containing "a certified or sworn copy of any order complained of." TEX. R. APP. P. 52.3(k). Jones's petition does not include an appendix with a copy of the trial court order

2

denying his motion to strike the petition for intervention. Instead, Jones cites to the trial court's docket sheet. A docket-sheet entry ordinarily forms no part of the record that may be considered; rather, it is a memorandum made for the trial court and clerk's convenience. *Barnes v. Deadrick*, 464 S.W.3d 48, 53 (Tex. App.—Houston [1st Dist.] 2015, no pet.); *In re Bill Heard Chevrolet, Ltd.*, 209 S.W.3d 311, 315 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (orig. proceeding). A docket-sheet entry is generally considered insufficient to constitute a judgment or decree of the court. *Barnes*, 464 S.W.3d at 53. Jones has not met his burden to provide this court with a copy of the order of which he complains. To the extent he seeks mandamus relief, that relief is denied. *See* TEX. R. APP. P. 52.8 (a).

## Conclusion

Because the order being appealed is interlocutory, we lack jurisdiction. TEX. R. APP. P. 42.3(a). We dismiss the appeal for lack of jurisdiction.


Peter Kelly
Justice

Panel consists of Justices Kelly, Guerra, and Farris.

3